# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | ) Case No. _____ |
| U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation, ILLINOIS NATIONAL INSURANCE COMPANY, an Illinois corporation, MARKEL BERMUDA LTD., a Bermuda corporation, | ) ) ) ) ) ) ) ) |
| | **TRIAL BY JURY OF TWELVE DEMANDED** |
| Defendants. | ) |

## DEFENDANT U.S. SPECIALTY INSURANCE COMPANY'S
## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant U.S. Specialty Insurance Company ("U.S. Specialty"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), files this Notice of Removal, based on diversity of citizenship, to effect the removal of the above-captioned case from the Superior Court for the State of Delaware, Case No. N21C-11-222 MMJ-CCLD, to the United States District Court for the District of Delaware. Removal is proper for the following reasons:

## BACKGROUND

1. On or about November 24, 2021, Plaintiff Ally Financial Inc. ("Ally") filed its Complaint for Declaratory Relief and Breach of Contract (the "Complaint"), commencing Case No. N21C-11-222 MMJ-CCLD in the Superior Court for the State of Delaware against Defendants U.S. Specialty, Illinois National Insurance Company ("Illinois National") and Markel Bermuda Ltd. ("Markel") (collectively, "Defendants"). A true and correct copy of the Summons, Complaint, and Civil Case Information Statement is attached as Exhibit A. A true copy of all other process, pleadings and orders filed to date in the Superior Court action is attached as Exhibit B.

2. This is an insurance coverage action arising out of the denial of insurance coverage by Defendants for a consumer class action brought against Ally. Ex. A ¶¶ 1-2, 7-16. Ally seeks coverage under excess bankers professional liability insurance policies issued by Defendants for a settlement under which Ally agreed to pay $87,500,000 and forgive $700 million in loan debt. *Id.* ¶ 1. Ally also seeks insurance coverage for more than $3 million in legal fees and costs allegedly incurred in defending the consumer class action. *Id.* ¶ 1. The U.S. Specialty policy has a $15 million limit excess of $25 million in underlying insurance and a $25 million self-insured retention, and on information and belief, the Illinois National policy has a limit of $15 million excess of $40 million in underlying insurance and the Markel policy has a limit of $15 million excess of $55 million in underlying insurance. *Id.* ¶¶ 17-20.

3. Ally's Complaint asserts two causes of action. The first cause of action seeks a declaratory judgment against all Defendants to the effect that Defendants are obligated to provide coverage under their respective policies for the underlying settlement and defense costs, and that a prior acts exclusion in the underlying primary insurance policy to which the excess policies "follow form" does not apply to bar coverage. *Id.* ¶¶ 36-38. The second cause of action, for breach of contract, is asserted solely against U.S. Specialty. *Id.* ¶¶ 39-43.

4. U.S. Specialty now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

## TIMELINESS OF REMOVAL

5. U.S. Specialty was served with the Summons and Complaint via certified mail sent by the Delaware Insurance Commissioner's office to U.S. Specialty's registered agent for service on December 17, 2021. Ex. C. Pursuant to 18 *Del. C.* § 525, service on U.S. Specialty thus was completed three days after the December 17, 2021 mailing to U.S. Specialty's registered agent for

service—*i.e.*, on December 20, 2021.  18 *Del. C.* § 525(b).  U.S. Specialty's registered agent received the Summons and Complaint on December 22, 2021.  Ex. C.

6. This Notice of Removal thus is being filed within 30 days of service of the Complaint being effected upon U.S. Specialty, as required by 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.  Removal thus is appropriate pursuant to 28 U.S.C. § 1441(a).

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. Diversity of citizenship exists when a suit is between citizens of different States. 28 U.S.C. § 1332(a).  A corporation's citizenship is determined by where it has been incorporated and where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).

9. Ally is a Delaware corporation and has its principal place of business in Detroit, Michigan.  Ex. A ¶ 3.  Ally thus is a citizen of Delaware and Michigan.

10. U.S. Specialty is a Texas corporation and has its principal place of business in Texas.  U.S. Specialty thus is a citizen of Texas.

11. Illinois National is an Illinois corporation and has its principal place of business in New York, New York.  Illinois National thus is a citizen of Illinois and New York.

12. Markel is an entity organized under the laws of Bermuda and its principal place of business in Hamilton, Bermuda.  Markel thus is a citizen of Bermuda.

13. Because Ally and Defendants are citizens of different States and foreign states, there is complete diversity of citizenship for jurisdictional purposes.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

14. In the Complaint, Ally seeks insurance coverage for a settlement pursuant to which it paid $87,500,000, and for over $3 million in alleged defense costs, under three insurance policies that collectively have $45 million limits in liability in excess of a $25 million primary policy and $25 million self-insured retention. Ex. A ¶¶ 1-2, 17-20, 35-38. Ally also seeks alleged incidental and consequential damages from U.S. Specialty. *Id.* ¶¶ 39-43.

15. Without admitting any of Ally's allegations, and without admitting that Ally is entitled to recover any of the claimed amounts, U.S. Specialty submits that the aggregate value of what Plaintiffs seek to recover in this case thus exceeds $75,000.00, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation"). As a result, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

**REMOVAL IS OTHERWISE PROPER**

16. Removal to this District is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court for the State of Delaware is located in the United States District Court for the District of Delaware.

17. To the best of U.S. Specialty's knowledge, based on checking the online docket from the Superior Court proceedings and following up separately with last known counsel for Illinois National and Markel, Illinois National and Markel have not yet been served. Illinois National and Markel's consent thus is not necessary for the removal of this action. 28 U.S.C. § 1446(b)(2).

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same, and a true and correct copy of the Notice of Removal will be filed with the Superior Court of the State of Delaware promptly after filing of same.  A copy of that written notice is attached as Exhibit D.

WHEREFORE, Defendant U.S. Specialty Insurance Company gives notice that the above captioned action, formerly pending in the Superior Court of the State of Delaware, has been removed to the United States District Court for the District of Delaware.

Dated:  January 18, 2022               Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 N. Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

Joseph A. Bailey III (*pro hac vice* forthcoming)
Clyde & Co US LLP
1775 Pennsylvania Ave. NW
4th Floor
Washington, DC 20006
(202) 747-5117
Joseph.Bailey@clydeco.us

*Counsel for Defendant*
*U.S. Specialty Insurance Company*