IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC., a Delaware corporation<br>Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation,<br>ILLINOIS NATIONAL INSURANCE COMPANY, an Illinois corporation,<br>MARKEL BERMUDA LTD., a Bermuda corporation<br><br>Defendants. | C.A. No. 22-064-LPS<br><br>**TRIAL BY JURY OF TWELVE DEMANDED** |

**DEFENDANT U.S. SPECIALTY INSURANCE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant U.S. Specialty Insurance Company ("U.S. Specialty"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Ally Financial, Inc. ("Ally" or "Plaintiff"), and states as follows:  U.S. Specialty denies each and every allegation in the Complaint except those specifically admitted below and demands strict proof thereof with respect to all such allegations.

**Answers to Numbered Paragraphs of Complaint**

**Nature of Action**

1. Paragraph 1 sets forth legal conclusions and characterizations of Plaintiff's lawsuit to which no response is required.  To the extent a response is required, U.S. Specialty admits that it issued Excess Indemnity Policy No. 24-MGU-16-A39492 (the "U.S. Specialty Policy") to Ally, and that Ally sought coverage under that policy for a settlement into which Ally entered without seeking or obtaining U.S. Specialty's prior written consent.  That settlement resolved consumer class action litigation styled *Ally Financial Inc. v Alberta Haskins and David Duncan*, Case No.

.

16JE-AC01713-01 in the Circuit Court of Jefferson County, Missouri, coverage for which U.S. Specialty concluded was barred under the U.S. Specialty Policy.  U.S. Specialty lacks knowledge or information sufficient to form a belief as to the defense costs allegedly incurred by Ally and therefore denies those allegations.  U.S. Specialty denies any remaining allegations in Paragraph 1.

2. Paragraph 2 sets forth legal conclusions and characterizations of Plaintiff's lawsuit to which no response is required.  To the extent a response is required, U.S. Specialty admits that the U.S. Specialty Policy does not provide coverage for the defense costs and settlement amounts alleged in Paragraph 2.  U.S. Specialty denies the remainder of the allegations contained in Paragraph 2.

### The Parties and Jurisdiction

3. On information and belief, U.S. Specialty admits the allegations in Paragraph 3.

4. U.S. Specialty admits that it is an insurance company organized under the laws of Texas, has written insurance policies covering risks for Delaware citizens, and is a wholly owned subsidiary of Houston Casualty Company, which is a wholly owned subsidiary of Illium, Inc., which is a wholly owned subsidiary of HCC Insurance Holdings, Inc., d/b/a Tokio Marine HCC, which is a wholly-owned subsidiary of Tokio Marine & Nichido Fire Insurance Co., Ltd., which is a wholly-owned subsidiary of Tokio Marine Holdings, Inc.  U.S. Specialty otherwise denies the allegations in Paragraph 4.

5. On information and belief, U.S. Specialty admits the allegations in the first sentence of Paragraph 5.  U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, on that basis, denies them.

6. On information and belief, U.S. Specialty admits the allegations in the first sentence of Paragraph 6. U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, on that basis, denies them.

## The Underlying Class Action

7. U.S. Specialty admits that Alberta Haskins and David Duncan brought counterclaims against Ally and Ally Bank in the Class Action (referred to in the complaint as the "Counterclaim"). The Counterclaim speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document. U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of whether Exhibit A is a true and correct copy of the Defendants' Second Amended Answer and Counterclaim, and, on that basis, denies the allegation.

8. U.S. Specialty denies the allegations contained in Paragraph 8.

9. To the extent the allegations in Paragraph 9 are directed to U.S. Specialty, U.S. Specialty denies the allegations. To the extent the allegations in Paragraph 9 are not directed to U.S. Specialty, U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

10. To the extent the allegations in Paragraph 10 are directed to U.S. Specialty, U.S. Specialty denies the allegations. To the extent the allegations in Paragraph 10 are not directed to U.S. Specialty, U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

11. U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, denies them.

12.     U.S. Specialty admits that on February 23, 2021, U.S. Specialty provided Ally with its initial coverage position.  The February 23, 2021 coverage letter speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

13.     U.S. Specialty admits that it provided a supplemental coverage letter on October 25, 2021.  The October 25, 2021 coverage letter speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

14.     Paragraph 14 is not directed to U.S. Specialty and, therefore, requires no response. To the extent a response is required, U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and, on that basis, denies them.

15.     U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and, on that basis, denies them.

16.     U.S. Specialty admits that it has not covered any amounts paid or incurred by Ally in connection with the Class Action, and on information and belief, admits that the other Defendants have not done so either.  U.S. Specialty denies the remaining allegations in Paragraph 16.

### Ally's Insurance Coverage for the Class Action

17.     U.S. Specialty admits that it issued Policy Number 24-MGU-16-A39492 (the U.S. Specialty Policy) to Ally for the policy period December 15, 2016 to December 15, 2017.  U.S. Specialty denies that Exhibit C is a true and correct copy of the U.S. Specialty Policy.

18.     To the extent the allegations of Paragraph 18 seek to characterize the terms and conditions of the U.S. Specialty Policy, the U.S. Specialty Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with the U.S. Specialty Policy.  U.S. Specialty denies that Exhibit D is a true and correct copy of the Federal Primary Policy.

19. The allegations in Paragraph 19 are not directed to U.S. Specialty and no response is required. To the extent a response is required, the Illinois National Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document. U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Exhibit E is a true and correct copy of the Illinois National Policy and, on that basis, denies the allegation.

20. The allegations in Paragraph 20 are not directed to U.S. Specialty and no response is required. To the extent a response is required, the Markel Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document. U.S. Specialty lacks knowledge or information sufficient to form a belief as to whether Exhibit F is a true and correct copy of the Markel Policy and, on that basis, denies the allegation.

21. To the extent Paragraph 21 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

22. U.S. Specialty denies the allegations contained in Paragraph 22.

23. To the extent Paragraph 23 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

24. To the extent Paragraph 24 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

25. To the extent Paragraph 25 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

26. To the extent Paragraph 26 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

27. To the extent Paragraph 27 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

28. To the extent the allegations of Paragraph 28 seek to characterize the contents of the coverage letters issued by Defendants, those letters speak for themselves and U.S. Specialty denies all allegations that are inconsistent with those documents. To the extent Paragraph 28 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

29. To the extent Paragraph 29 seeks to characterize or partially quote the terms and conditions of the Federal Primary Policy, that Policy speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

30. Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is required, U.S. Specialty denies the allegations.

### The Excess Policies Provide Coverage for the Class Action

31. Paragraph 31 asserts legal conclusions to which no response is required.

32. U.S. Specialty denies the allegations in Paragraph 32.

33. U.S. Specialty denies the allegations in Paragraph 33.

34. U.S. Specialty admits that U.S. Specialty, and on information the other Defendants, have informed Ally that the Prior Acts Exclusion bars coverage, and that Ally has stated that it disagrees with this conclusion. U.S. Specialty denies the remaining allegations in Paragraph 34.

## COUNT I
Against All Defendants
(<u>Declaratory Relief</u>)

35.     U.S. Specialty incorporates by reference its responses to Paragraphs 1 to 34 above as though fully set forth herein.

36.     U.S. Specialty denies the allegations in Paragraph 36.

37.     Paragraph 37 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations in Paragraph 37.

38.     U.S. Specialty denies that Ally is entitled to any of the relief requested in Paragraph 38.

## COUNT II
Against Defendant U.S. Specialty
(<u>Breach of Contract</u>)

39.     U.S. Specialty incorporates by reference its responses to Paragraphs 1 to 38 above as though fully set forth herein.

40.     U.S. Specialty denies the allegations contained in Paragraph 40.

41.     U.S. Specialty admits that it has declined to pay amounts that are not covered under the U.S. Specialty Policy, and denies the remaining allegations in Paragraph 41.

42.     U.S. Specialty denies the allegations contained in Paragraph 42.

43.     U.S. Specialty denies the allegations contained in Paragraph 43.

### "PRAYER FOR RELIEF"

U.S. Specialty denies that Ally is entitled to any of the relief requested in its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

U.S. Specialty asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this action. The inclusion of a defense herein does not change the burden of proof or burden of persuasion on any issue in this action and does not waive U.S. Specialty's right to put Ally to its proof.

### First Defense

The Complaint fails to state a claim against U.S. Specialty upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred by the Prior Acts Exclusion in Endorsement No. 2 of the Federal Primary Policy, to which the U.S. Specialty Policy follows form.

### Third Defense

Plaintiff's claims are barred because Plaintiff entered into the Settlement Agreement and incurred Defense Costs without U.S. Specialty's prior written consent, in violation of Section 9 of the Federal Primary Policy, as amended by Endorsement No. 28 and as followed by the U.S. Specialty Policy, and Section V. of the U.S. Specialty Policy. Further, while U.S. Specialty denies that proof of prejudice is necessary, Plaintiff's breach of these Sections prejudiced U.S. Specialty.

### Fourth Defense

Plaintiff's claims are barred because Plaintiff failed to provide timely and proper notice to U.S. Specialty of the Class Action once it became a "Mass or Class Action" as defined by the Federal Policy, pursuant to Sections 8.b. and 8.d. of the Federal Primary Policy, as amended by Endorsement No. 28 and as followed by the U.S. Specialty Policy, and Section VIII of the U.S.

Specialty Policy. Further, while U.S. Specialty denies that proof of prejudice is necessary, Plaintiff's breach of these Sections prejudiced U.S. Specialty.

### Fifth Defense

Plaintiff's claims are barred to the extent to which the amounts for which Plaintiff seeks coverage are not "Loss" as defined by the Federal Primary Policy, to which the U.S. Specialty Policy follows form, including without limitation to the extent such amounts fall within carvebacks d., e., k., and/or l. to the Loss definition.

### Sixth Defense

Plaintiff's claims are barred to the extent that Section 3.k. of the Federal Primary Policy, to which the U.S. Specialty Policy follows form, bars coverage for the amounts at issue.

### Seventh Defense

Plaintiff's claims are barred to the extent that Section 3.p. of the Federal Primary Policy, to which the U.S. Specialty Policy follows form, bars coverage for the amounts at issue.

### Eighth Defense

Plaintiff's claims are barred to the extent that the Underlying Insurance to the U.S. Specialty Policy has not been exhausted by actual payment of claims or losses thereunder by the applicable insurer, pursuant to Sections I and IV of the U.S. Specialty Policy.

### Ninth Defense

Plaintiff's claims are barred to the extent the settlement into which Plaintiff entered and/or any legal fees and expenses incurred by Plaintiff are unreasonable.

## **Tenth Defense**

To the extent that any portion of the coverage sought by Plaintiff were available (it is not), an appropriate allocation between covered Loss and uncovered loss would be necessary pursuant to Section 10 of the Federal Primary Policy, to which the U.S. Specialty Policy follows form.

## **Eleventh Defense**

Plaintiff's claims are barred to the extent Plaintiff breached or failed to comply with any of the terms or conditions of the Federal Primary Policy, to which the U.S. Specialty Policy follows form, and/or the U.S. Specialty Policy.

## **Twelfth Defense**

Plaintiff's claims are or may be barred in whole or in part by the doctrines of unclean hands, laches, waiver, or estoppel.

## **Thirteenth Defense**

Insurance coverage is not available under the U.S. Specialty Policy in this matter to the extent that such coverage is inconsistent with any of the terms, conditions, exclusions, limitations or endorsements of the U.S. Specialty Policy or the Federal Policy, to which the U.S. Specialty Policy follows form.

## **Fourteenth Defense**

U.S. Specialty reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable law and rules.

WHEREFORE, having fully answered, U.S. Specialty requests that Plaintiff's Complaint be dismissed with prejudice, and that U.S. Specialty be awarded its costs and attorneys' fees, if allowed, and such other and further relief as the Court may deem appropriate.

Dated: February 8, 2022                             Respectfully submitted,

<u>*/s/ David A. Bilson*</u>
John C. Phillips, Jr.  (#110)
David A. Bilson (#4986)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 N. Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

CLYDE & CO US LLP

Joseph A. Bailey III (*pro hac vice*)
Raymond D. Pinkham (*pro hac vice*)
1775 Pennsylvania Ave. NW
4th Floor
Washington, DC 20006
(202) 747-5117
Joseph.Bailey@clydeco.us
Ray.Pinkham@clydeco.us

*Counsel for Defendant*
*U.S. Specialty Insurance Company*