IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br>and ILLINOIS NATIONAL INSURANCE<br>COMPANY,<br><br>          Defendants. | No. 1:22-cv-00064-LPS |

**OPENING BRIEF IN SUPPORT OF
PLAINTIFF ALLY FINANCIAL, INC.'S MOTION TO REMAND**

Plaintiff Ally Financial, Inc. ("Ally") submits this opening brief in support of its Motion to Remand this action to the Delaware Superior Court.

## INTRODUCTION

In its Complaint, Ally seeks a declaration as to the rights and obligations owed by certain of its excess Bankers Professional Liability insurance companies with respect to coverage for substantial loss incurred by Ally to defend and settle a consumer class action lawsuit. Ally also asserts a breach of contract action against one of its insurers that is dependent on its declaratory claim. At the heart of this case is a novel and unsettled question regarding interpretation of a policy exclusion in the context of a class action filed against a Delaware corporation. The question is an issue of state law alone. Indeed, the case involves no federal question, and does not implicate or promote any federal interest.

The exercise of jurisdiction by this Court over a declaratory judgment proceeding (even where a dependent legal claim is asserted) is discretionary. In light of the predominance of the novel and important state law question, the parties' disputes are more appropriately addressed and

resolved by a Delaware state court. Accordingly, the Court should exercise its broad discretion to remand this action to the Superior Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2021, Ally filed this insurance coverage action against Defendants U.S. Specialty Insurance Company ("U.S. Specialty"), Illinois National Insurance Company, and Markel Bermuda Ltd.[1] in the Superior Court of the State of Delaware. D.I. 1, Ex. A ("Complaint"). Ally's Complaint seeks declaratory relief against all Defendants, and asserts a breach of contract claim against Defendant U.S. Specialty only. *Id.* ¶ 1.

On January 18, 2022, U.S. Specialty removed this action to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. D.I. 1.

## ARGUMENT

**(a)     The Court Has Discretion Under the Declaratory Judgment Act to Decline Jurisdiction Over This Entire Action.**

While federal courts generally have "a strict duty to exercise the jurisdiction that is conferred upon them by Congress," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996), "[d]eclaratory judgment actions implicate an exception to this rule." *Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 196 (3d Cir. 2021). This discretion arises from the Declaratory Judgment Act ("DJA") itself, which provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added); *see also Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) ("The Supreme Court has long held that [the DJA] confers discretionary, rather than compulsory, jurisdiction upon federal courts.") (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)).

---

[1] Markel Bermuda Ltd. was voluntarily dismissed without prejudice on February 8, 2022.

Notably, even where, as here, an action seeks both declaratory **and** legal relief, district courts in this circuit may decline jurisdiction over the entire action if the legal claim is dependent on the declaratory claim. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017). Under this "independent claim test," the court must first determine whether the legal claims are dependent or independent of the declaratory claims. *Id.* "Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." *Id.* at 228 (quoting *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)).

Here, Ally's legal claim—its breach of contract count against U.S. Specialty—is dependent on the court's ruling on Ally's claim for declaratory relief. The efficient administration of this case necessarily involves a bifurcation of the action into two phases: (1) a declaratory judgment phase, wherein the court confronts the novel and unsettled state law issue involved and determines the parties' obligations and rights under the subject insurance policies; and, if and only if Ally prevails in that phase, (2) a breach of contract phrase addressing whether U.S. Specialty failed to honor its contractual obligations. The ruling on the declaratory claim should come **before** the legal claim can be adjudicated. Thus, Ally's legal claim is dependent on its declaratory claim,[2] and "the court retains discretion to decline jurisdiction of the entire action, consistent with [the

---

[2] While some courts in this circuit have noted that legal claims are substantively independent of declaratory claims when the legal claims "would continue to exist if 'the request for a declaration simply dropped from the case,'" *see, e.g.*, *Phila. Indem. Ins. Co. v. Transit U, Inc.*, 2021 U.S. Dist. LEXIS 136595, at *29 (D. Del. July 22, 2021), applying that interpretation of independence would necessarily mean that there would rarely be an independent legal claim across all types of actions, and likely never be a truly independent legal claim in the context of insurance coverage actions. Here, such an interpretation would ignore the practical realities of the claims at issue. Ally's breach of contract claim will rise or fall on how the court interprets the novel question involving the interplay between class actions and prior acts exclusions (as discussed more fully below) at issue in Ally's declaratory claim. Thus, Ally's legal claim is necessarily dependent on its declaratory claim.

Third Circuit's] decision in [*Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014)]." *Rarick*, 852 F.3d at 229.

> **(b)** **The Court Should Exercise Its Discretion and Decline to Hear This Action Because The Heart of The Case Involves Novel and Unsettled Questions of State Law.**

In determining whether to exercise jurisdiction under the DJA, the Third Circuit has set out certain factors that a district court should consider "to the extent they are relevant:"

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The Third Circuit has noted that these factors are "non-exhaustive, and there will be situations in which district courts must consult and address other relevant case law or considerations." *Id.* at 146.

For instance, in insurance cases, courts should also consider the additional guidance set forth in *State Auto Insurance Cos. v. Summy*, 234 F.3d 131, 147 (3d Cir. 2000). In relevant part, *Summy*'s additional guidance includes the recommendation that "when applicable state law is 'uncertain or undetermined, district courts should be particularly reluctant' to exercise DJA jurisdiction." *Id.* at 141 (quoting *Summy*, 234 F.3d at 135)). The Third Circuit has noted that

"[d]istrict courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it" and that "[t]his is especially important in insurance coverage cases." *Summy*, 234 F.3d at 135. "[I]t is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters" in order to preserve "the proper relationship between federal and state courts." *Id.* at 136.

Moreover, courts should also consider whether pending parallel state proceedings exist. *Reifer*, 751 F.3d at 144. While the absence of parallel state proceedings militates in favor of exercising jurisdiction, it alone does not require the court to do so. *Id.* at 144-45. Rather, a court may still decline jurisdiction where, as here, the absence of parallel proceedings is outweighed by opposing factors. *Id.* at 145.

Here, while many of the *Reifer* factors are neutral or irrelevant,[3] the third *Reifer* factor and *Summy*'s additional guidance counsel strongly in favor of the Court declining jurisdiction and remanding this action back to state court. This case raises a novel and unsettled insurance coverage issue under state law. Specifically, the key issue is the interpretation of a prior acts exclusion in the context of a nationwide class action against a Delaware corporation, where the class member claims at issue involve alleged "BPL Wrongful Acts" directed at individual members of the classes, which included over 560,000 members. Each alleged "BPL Wrongful Act" involved a separate customer/loan. Any declaration issued by this Court as to the parties' rights under the subject insurance policies would be merely predicting how the state's highest court would decide this novel question of whether the insurers can aggregate alleged "BPL Wrongful Acts" to defeat coverage when the term "BPL Wrongful Acts" is specifically defined in terms of a particular

---

[3] While the first factor may counsel in favor of the Court exercising jurisdiction, it does not weigh as heavily as the factors that counsel in favor of remand.

customer/loan. Given that no federal question is at issue, and no federal interest is implicated, the Court should "step back" and allow the state courts the chance to resolve this unsettled state law question.

Moreover, the disposition of this issue may have a far-reaching effect on businesses incorporated in Delaware who may face class action lawsuits and who seek coverage under insurance policies that may have similar prior acts exclusions. Further, Delaware state courts are frequently presented with insurance coverage cases and have a strong interest in deciding whether Delaware corporate policyholders get the benefit of their insurance. *See, e.g.*, *Mass. Mut. Life Ins. Co. v. Certain Underwriters at Lloyd's of London*, 2010 Del. Ch. LEXIS 198, at *15 (Del. Ch. Sept. 24, 2010) ("The Superior Court historically has handled many complex insurance cases . . . ."). Thus, it is in the public interest for this question to be decided by the Delaware state courts.

Given the prominence of important and novel issues of state insurance law and the complete absence of any federal law or interest, this Court should decline to exercise jurisdiction under the DJA.

## **CONCLUSION**

For the reasons set forth above, this Court should remand this action to the Superior Court of the State of Delaware.

| | |
|---|---|
| Dated:  February 17, 2022 | Respectfully submitted, |
| | REED SMITH LLP |
| OF COUNSEL: | /s/ Brian M. Rostocki |
| | Brian M. Rostocki (No. 4599) |
| REED SMITH LLP | Alexandria P. Murphy (No. 6686) |
| David M. Halbreich (admitted *pro hac vice*) | 1201 Market Street, Suite 1500 |
| 355 South Grand Avenue | Wilmington, DE 19801 |
| Suite 2900 | Telephone:  (302) 778-7500 |
| Los Angeles, CA  90071 | Email:  brostrocki@reedsmith.com |
| Telephone: (213) 457-8000 | Email:  amurphy@reedsmith.com |
| Email: dhalbreich@reedsmith.com | |
| | *Counsel for Plaintiff Ally Financial, Inc.* |
| Courtney C.T. Horrigan (admitted *pro hac vice*) | |
| Robert J. Tritschler (admitted *pro hac vice*) | |
| 225 Fifth Avenue | |
| Pittsburgh, PA  15222 | |
| Telephone: (412) 288-3131 | |
| Email: chorrigan@reedsmith.com | |
| Email: rtritschler@reedswmith.com | |
| | |
| Miranda A. Jannuzzi (admitted *pro hac vice*) | |
| Three Logan Square | |
| 1717 Arch Street, Ste. 3100 | |
| Philadelphia, PA  19103 | |
| Telephone: (215) 851-8100 | |
| Email: mjannuzzi@reedsmith.com | |