# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC., a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 1:22-cv-00064-LPS |
| U.S. SPECIALTY INSURANCE COMPANY, a Texas corporation, ILLINOIS NATIONAL INSURANCE COMPANY, an Illinois corporation, MARKEL BERMUDA LTD., a Bermuda corporation, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANT U.S. SPECIALTY INSURANCE COMPANY'S
## ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

*Of Counsel:*

Joseph A. Bailey III (pro hac vice)
Raymond D. Pinkham (pro hac vice)
CLYDE & CO US LLP
1775 Pennsylvania Ave. NW
4th Floor
Washington, DC 20006
(202) 747-5117
Joseph.Bailey@clydeco.us
Ray.Pinkham@clydeco.us

Dated: March 17, 2022

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhlaw.com
dab@pmhlaw.com

*Counsel for Defendant*
*U.S. Specialty Insurance Company*

## **TABLE OF CONTENTS**

**Page**

Nature & Stage Of Proceedings And Concise Statement Of Facts ................................................ 1

Summary Of Argument........................................................................................................... 1

Argument ................................................................................................................................ 2

    A.    Under Binding Third Circuit Precedent, This Court Has A "Virtually Unflagging Obligation" To Hear This Case, Because Diversity Jurisdiction Would Exist Over Ally's Breach Of Contract Count Even Absent Any Declaratory Relief Count. ....................................................................................... 2

    B.    Even If This Court Had Discretion To Decline This Case, It Should Not Exercise It Because This Case Does Not Raise "Novel and Unsettled Questions Of State Law." ..................................................................................................... 5

Conclusion ................................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*4431, Inc. v. Cincinnati Insurance Cos.*,
   504 F. Supp. 3d 368 (E.D. Pa. 2020) ...................................................................................... 5

*AXIS Reins. Co. v. HLTH Corp.*,
   993 A.2d 1057 (Del. 2010) ...................................................................................................... 7

*Cold Spring Granite Co. v. RLI Ins. Co.*,
   No. 3:19-cv-8491-BRM-TJB, 2020 WL 948816 (D.N.J. Feb. 27, 2020) ................................ 5

*Colo. River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ............................................................................................................ 2, 3

*DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*,
   10 F.4th 192 (3d Cir. 2021) ............................................................................................ 2, 6, 7

*First Solar, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
   C.A. No N20C-10-156 MMJ CCLD, 2021 WL 2563023 (Del. Super. Ct. June
   23, 2021), *aff'd*, -- A.3d --, 2022 WL 792158 (Del. Mar. 16, 2022) ....................................... 7

*Philadelphia Indem. Ins. Co. v. Transit U, Inc.*,
   -- F. Supp. 3d --, 2021 WL 3092911 (D. Del. July 22, 2021) ................................................. 4

*R.R. St. & Co. v. Vulcan Materials Co.*,
   569 F.3d 711 (7th Cir. 2009) ................................................................................................... 3

*Rarick v. Federated Service Insurance Co.*,
   852 F.3d 223 (3d Cir. 2017) ............................................................................................ passim

*Reifer v. Westport Ins. Corp.*,
   751 F.3d 129 (3d Cir. 2014) ........................................................................................ 2, 4, 5, 6

*State Auto Ins. Cos. v. Summy*,
   234 F.3d 131 (3d Cir. 2000) .................................................................................................... 6

*Vitale v. State Farm Fire & Cas. Co.*,
   C.A. No. 18-8988 (MAS) (LHG), 2018 WL 6050676 (D.N.J. Nov. 19, 2018) ....................... 5

*Wilson v. Hartford Cas. Co.*,
   492 F. Supp. 3d 417 (E.D. Pa. 2020) ...................................................................................... 4

**Statutes**

28 U.S.C. § 1332(a) ........................................................................................................1, 2, 5

Declaratory Judgment Act, 28 U.S.C. § 2201-2202 .......................................................................4

## NATURE & STAGE OF PROCEEDINGS AND CONCISE STATEMENT OF FACTS

Plaintiff Ally Financial, Inc. ("Ally") filed the present action in the Superior Court of Delaware on November 24, 2021, and effected service on Defendant U.S. Specialty Insurance Company ("U.S. Specialty") on December 20, 2021. *See* D.I. 1 at 1-3 ¶¶ 1, 5; D.I. 1 at Exs. A, C. Ally seeks insurance coverage under a $15 million excess bankers professional liability insurance policy issued by U.S. Specialty for more than $3 million in legal fees and costs and a settlement pursuant to which Ally agreed to pay $87.5 million. D.I. 1 at Ex. A ¶¶ 1, 17-19. Ally's Complaint alleges two causes of action against U.S. Specialty for declaratory relief and for breach of contract, seeks declarations that the U.S. Specialty policy provides and does not bar coverage, and requests monetary damages for U.S. Specialty's denial of coverage for the alleged covered amounts in question. *Id*. ¶¶ 35-43 and Prayer for Relief.

U.S. Specialty timely removed this action on the basis that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists and the matter in controversy exceeds $75,000. *See* D.I. 1 ¶¶ 6-7. Ally does not contest this in its motion to remand. D.I. 12. Instead, Ally maintains that this Court has discretion to refuse to hear this case under the "independent claim test" set forth in *Rarick v. Federated Service Insurance Co.*, 852 F.3d 223 (3d Cir. 2017), and that this Court should exercise that discretion to remand this case to state court because "the heart of the case" involves "novel and unsettled questions of state law" pertaining to the application of a prior acts exclusion. D.I. 12. However, Ally's motion is not faithful to *Rarick*, multiple decisions following *Rarick*, and additional Third Circuit precedent.

## SUMMARY OF ARGUMENT

1.   In moving to remand, Ally asserts that this Court has "broad discretion" to decline to exercise jurisdiction over Ally's breach of contract and declaratory judgment causes of action. That is incorrect. Under *Rarick*, this Court has a "virtually unflagging obligation" to hear this case

1

because Ally is pursuing a breach of contract cause of action over which this Court indisputably has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). *Rarick* held that a policyholder plaintiff cannot invest a district court with discretion to decline to hear a properly removed case by artfully pleading a declaratory judgment count that overlaps with the plaintiff's breach of contract count. This is precisely the improper result that Ally seeks here.

2. Ally's motion also fails because this case does not involve "novel and unsettled questions of state law," as Ally asserts. Applicable state law rules of insurance policy interpretation are well-established and require the application of the policy's plain language, absent any ambiguity. For precisely those reasons, the Third Circuit recently held that a district court erred by declining to hear purely declaratory claims in an insurance coverage action. *See DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 208 (3d Cir. 2021).

For each of these independent reasons, this Court should deny Ally's motion and retain jurisdiction over Ally's claims.

## ARGUMENT

**A.   Under Binding Third Circuit Precedent, This Court Has A "Virtually Unflagging Obligation" To Hear This Case, Because Diversity Jurisdiction Would Exist Over Ally's Breach Of Contract Count Even Absent Any Declaratory Relief Count.**

Third Circuit jurisprudence is clear:  when an action seeks purely declaratory relief, a district court has discretion to decline to hear the case. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139-49 (3d Cir. 2014) (discussing factors that a court may consider in exercising that discretion). When an action seeks legal relief, however, "federal courts … have a 'virtually unflagging obligation' to exercise jurisdiction." *Rarick*, 852 F.3d at 225 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). In *Rarick*, the U.S. Court of Appeals for the Third Circuit adopted the "independent claim test" to govern what happens when a complaint seeks both legal and declaratory relief: "a district court must determine whether the

legal claims are independent of the declaratory claims. If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims…" 852 F.3d at 229 (quoting *Colo. River*, 424 U.S. at 817).

Ally acknowledges that under *Rarick*, "[n]on-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." D.I. 12 at 3; *Rarick*, 852 F.3d at 228 (quoting *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)). However, Ally then argues, without citation to **any** supporting authority, that its breach of contract count is "dependent" on its declaratory count because the former seeks to recover amounts for which the latter seeks a declaration of coverage. Ally's argument is directly contrary to *Rarick* and a line of decisions, including by this Court, which have relied upon *Rarick* in holding that breach of contract counts are independent of declaratory relief counts in insurance coverage actions.

Ally's failure to discuss *Rarick* in any detail is telling. *Rarick* involved two insurance coverage actions in which policyholders pled overlapping declaratory judgment and breach of contract counts. The insurers removed those cases on diversity jurisdiction grounds, and the policyholders moved to remand, asserting that the "heart of the matter" involved declaratory relief because the "crux" of the litigation involved whether the policies provided coverage. 852 F.3d at 226-27. Relying on this "heart of the matter" test, the district courts remanded the cases. *Id.*

The Third Circuit reversed, rejecting the "heart of the matter" test in favor of the "independent claim test." *Id.* at 228-29. The Third Circuit held that the policyholders' breach of contract counts were independent of their declaratory relief counts because "[the policyholders] could have obtained their desired relief in federal courts without requesting a declaratory judgment." *Id.* at 229. Without acknowledging this ruling, Ally asserts that the present Court erred

3

by holding that the independent claim test requires analysis of whether the legal claims "would continue to exist if 'the request for a declaration simply dropped from the case.'" D.I. 12 at 3 n.2; *Philadelphia Indem. Ins. Co. v. Transit U, Inc.*, -- F. Supp. 3d --, 2021 WL 3092911, at *10 (D. Del. July 22, 2021). It did not. This Court's analysis was both faithful to and required by *Rarick*.

Ally asserts that under this test, "there would … likely never be a truly independent legal claim in the context of insurance coverage actions." D.I. 12 at 3 n.2. In fact, that criticism applies to Ally's approach and is precisely why the *Rarick* court rejected the same argument made by other policyholders. In rejecting the "heart of the matter" test, the *Rarick* court reasoned that the "heart of the matter" test would allow policyholders (and other plaintiffs) to use "artful pleading" to evade federal court jurisdiction by adding declaratory claims to their pleadings in order to "invite[] the District Court to avoid *Colorado River*'s 'virtually unflagging obligation' in favor of the more expansive discretion afforded under *Reifer*." 852 F.3d at 229-30. The *Rarick* court rejected this result as being inconsistent with the intent of the Declaratory Judgment Act to **expand** federal court jurisdiction. *Id*. at 229-30. Ally would have this Court reach a different result, asserting that the Court has discretion to refuse to hear this case because the "heart of the matter" is the interpretation of policy language that is the subject of its declaratory judgment count. D.I. 12 at 1, 3 n.2, 4. Ally's approach would enable plaintiffs to give district courts discretion to refuse to hear properly removed cases merely by adding declaratory relief claims. *Rarick* precludes this result.

This Court and other district courts in the Third Circuit have repeatedly held that under *Rarick*, when breach of contract counts in insurance coverage actions could have been pled in federal court without any declaratory relief count, the presence of a declaratory relief count does not remove the district court's "unflagging obligation" to exercise jurisdiction. *See, e.g., Philadelphia Indem.*, 2021 WL 3092911, at *10; *Wilson v. Hartford Cas. Co.*, 492 F. Supp. 3d

4

417, 424-25 (E.D. Pa. 2020) ("This Court has held multiple times that legal claims are independent of claims for declaratory relief when applying *Rarick* to insurance coverage disputes") (citing cases); *4431, Inc. v. Cincinnati Insurance Cos.*, 504 F. Supp. 3d 368, 377 (E.D. Pa. 2020) (reaching same result); *Vitale v. State Farm Fire & Cas. Co.*, C.A. No. 18-8988 (MAS) (LHG), 2018 WL 6050676, at *3 (D.N.J. Nov. 19, 2018) (same). Under Ally's approach, a declaratory relief count and bifurcation would be required in ***all*** insurance coverage actions, D.I. 12 at 3, which is plainly wrong and unworkable. *See*, *e.g.*, *Cold Spring Granite Co. v. RLI Ins. Co.*, No. 3:19-cv-8491-BRM-TJB, 2020 WL 948816, at *5 (D.N.J. Feb. 27, 2020) (a policyholder is not required to bring a declaratory judgment count to support its breach of contract claim in a coverage action).

Ally's breach of contract count against U.S. Specialty could have been filed in this Court, with original jurisdiction pursuant to 28 U.S.C. § 1332(a), even in the absence of an overlapping declaratory relief count. It is undisputed that complete diversity of citizenship exists and that the amount that Ally seeks to recover on its breach of contract count exceeds the jurisdictional threshold. *See* D.I. 1 ¶¶ 6-7. Under *Rarick*, the breach of contract count thus is an "independent claim" over which this Court has an "unflagging obligation" to exercise jurisdiction, subject to the "exceptional circumstances" test set forth in *Colorado River*. *Rarick*, 852 F.3d at 229-30. Because Ally does not attempt to and cannot satisfy the "exceptional circumstances" test, this Court must retain jurisdiction and deny Ally's motion to remand.

**B.** **Even If This Court Had Discretion To Decline This Case, It Should Not Exercise It Because This Case Does Not Raise "Novel and Unsettled Questions Of State Law."**

Remand is inappropriate for the additional reason that even if this Court had discretion to refuse to hear this case (which it does not), the *Reifer* factors would counsel in favor of retaining jurisdiction. Ally concedes that *Reifer* held that the absence of pending parallel state proceedings "militates significantly in favor of exercising jurisdiction" (although Ally omits "significantly" in

5

its brief), but correctly observes that this alone is not conclusive. D.I. 12 at 5; *Reifer*, 751 F.3d at 144. Ally also concedes that "many of the *Reifer* factors are neutral or irrelevant," and that the first factor (likelihood that a federal court declaration will resolve the dispute) "may counsel in favor of the Court exercising jurisdiction." D.I. 12 at 5, n.3. However, Ally argues that remand is nevertheless appropriate on the basis of the third *Reifer* factor ("public interest in settlement of the uncertainty of obligation") and the notion that "when applicable state law is 'uncertain or undetermined, district courts should be particularly reluctant' to exercise DJA jurisdiction." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 141 (3d Cir. 2000) (involving insurance coverage action that sought only declaratory relief). This case does not raise such issues.

The Third Circuit recently considered and rejected a similar argument by policyholders in *DiAnoia's Eatery, LLC v. Motorists Mutual Insurance Co.*, 10 F.4th 192, 208 (3d Cir. 2021). In *DiAnoia's*, the plaintiffs sought coverage for business interruption losses resulting from the unprecedented COVID-19 pandemic and asserted that the application of virus exclusions to the pandemic raised novel, unsettled issues of state law. The district court agreed but the Third Circuit reversed, reasoning that the question of whether the exclusions barred coverage would be decided based on how the exclusions are interpreted under principles of state insurance law. The Third Circuit observed that "[n]o party has suggested that the principles of insurance law that would need to be employed in such an interpretation are unsettled," and listed those well-established principles, including that words in policies must be given their plain meaning and cannot be rewritten to provide the policyholder with a better policy than the one purchased. *Id*. at 208. The Third Circuit further reasoned that it was "of no moment that a federal court is being asked to apply state public policy," as that is the "essence of diversity jurisdiction," *id*. at 209, and "of no significance . . . that insurance coverage is a creation of state law." *Id.* at 210.

6

Of course, as Ally notes, the Delaware Superior Court has "handled many complex insurance cases," D.I. 12 at 6, such that there is a large body of decisions setting forth state law principles of insurance policy interpretation. Like the *DiAnoia's* plaintiffs, Ally cannot claim that these principles are unsettled. Moreover, there is already Delaware law guidance concerning prior acts exclusions and similar policy provisions. *See, e.g., AXIS Reins. Co. v. HLTH Corp.*, 993 A.2d 1057 (Del. 2010); *First Solar, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, C.A. No N20C-10-156 MMJ CCLD, 2021 WL 2563023 (Del. Super. Ct. June 23, 2021), *aff'd*, -- A.3d --, 2022 WL 792158 (Del. Mar. 16, 2022).  As did the plaintiffs in *DiAnoia's,* Ally points to the absence of a prior case involving *precisely the same* factual circumstances, but that is not the appropriate question. Given the Third Circuit's guidance in *DiAnoia's*, even if this Court had discretion under *Rarick* to remand this case (it does not), there would be no basis for the Court to exercise any such "bounded and reviewable" discretion to remand this case, which simply requires the application of familiar principles of insurance policy interpretation to the language of the insurance policies at issue here. *DiAnoia's*, 10 F.4th at 196.

## **CONCLUSION**

For the reasons set forth above, U.S. Specialty requests that the Court deny Ally's motion to remand and retain jurisdiction over this matter.

Dated:  March 17, 2022

Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhlaw.com
dab@pmhlaw.com

                    Joseph A. Bailey III (*pro hac vice*)
                    Raymond D. Pinkham (*pro hac vice*)
                    CLYDE & CO US LLP
                    1775 Pennsylvania Ave. NW
                    4th Floor
                    Washington, DC 20006
                    (202) 747-5117
                    Joseph.Bailey@clydeco.us
                    Ray.Pinkham@clydeco.us

                    *Counsel for Defendant*
                    *U.S. Specialty Insurance Company*