# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALLY FINANCIAL INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>U.S. SPECIALTY INSURANCE<br>COMPANY,<br><br>            Defendant. | C.A. No. 22-64-MPT |

## <u>ORDER</u>

1.  Presently before the court is Plaintiff, Ally Financial, Inc.'s ("Plaintiff") motion to remand this proceeding to state court.[1]

2.  Plaintiff filed suit on November 24, 2021 in Delaware Superior Court, naming Defendant, U.S. Specialty Insurance Company ("Defendant" or "U.S. Specialty"), Illinois National Insurance Company, and Markel Bermuda Ltd as defendants.[2]  Plaintiff alleges that the defendants provide it with various forms of insurance.[3]  Plaintiff alleges it was sued in a class action lawsuit in Missouri state court and that the plaintiffs in that matter secured a judgment against it.[4]  In the Complaint, Plaintiff sought declaratory relief against all defendants and damages for breach of contract from Defendant, U.S. Specialty.[5]

---

[1] D.I. 11.

[2] D.I. 1-1, Ex. A.

[3] *Id*.

[4] *Id*.

[5] *Id*.

3.   On January 18, 2022, Defendant removed the matter to this Court on the basis of diversity jurisdiction.[6]  Removal was proper under 28 U.S.C. §§ 1441 and 1446.[7]

4.   Plaintiff dismissed Markel Bermuda Ltd. as a defendant in this case on February 8, 2022.[8]

5.   On February 17, Plaintiff moved to remand this matter to state court.[9] Defendant opposes the motion.[10]  The motion was fully briefed on April 7.[11]

6.   While the parties were briefing this motion, Plaintiff dismissed Illinois National Insurance Company as a defendant in this litigation.[12]

7.   The parties consented to the jurisdiction of a U.S. Magistrate Judge on April 12,[13] and this matter was assigned to this judge on the same day.[14]

8.   This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441 and 1332.[15]

---

[6] D.I. 1.  Aside from the arguments raised herein, Plaintiff does not challenge the procedural sufficiency of the removal.

[7] *Id*.

[8] D.I. 6.

[9] D.I. 11.

[10] D.I. 14.

[11] D.I. 18.

[12] D.I. 17.

[13] D.I. 19.

[14] D.I. 20.

[15] D.I. 1 at 3–4; *see generally* D.I. 1-1, Ex. A.

9.  The complaint claims two forms of relief:  (a) declaratory relief as to rights as against Defendant under a contract[16]; and (b) legal relief (damages) from Defendant for breach of contract.[17]

10. In *Rarick v. Federated Service Insurance Co.*, the United States Court of Appeals for the Third Circuit stated: "[w]hen a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are independent of the declaratory claims."[18] "If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims, subject of course to *Colorado River*'s exceptional circumstances."[19]  "If the legal claims are dependent on the declaratory claims, however, the court retains discretion to decline jurisdiction of the entire action, consistent with [the Third Circuit's] decision in *Reifer*[.]"[20]

11. Plaintiff argues that the court should remand this case for two reasons.  First, Plaintiff contends—without explanation or supporting case law—that "[t]he ruling on the declaratory claim should come **before** the legal claim can be adjudicated[]"[21] and that the legal claim is, therefore, not independent of the declaratory claim.[22]  As a result, Plaintiff argues, the court should decline jurisdiction over the matter and remand to state court.[23] Second, Plaintiff avers that this matter concerns a novel issue of Delaware law that the court should decline to consider under the Third Circuit's *Reifer* factors.[24]

---

[16] D.I. 1-1, Ex. A at ¶¶ 35–38.

[17] *Id.* at ¶¶ 39–43.

[18] *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017).

[19] *Id*. (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–19 (1976)).

[20] *Id.* (citing *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144–46 (3d Cir. 2014)).

[21] D.I. 12 at 3 (emphasis in original).

[22] *Id*.

[23] *Id.* at 3–4.

[24] D.I. 12 at 4–6.

12. As to the issue of independent claims, Defendant maintains that Plaintiff's argument "is directly contrary to *Rarick* and a line of decisions, including by this Court, which have relied upon *Rarick* in holding that breach of contract counts are independent of declaratory relief counts in insurance coverage actions."[25]  In reply, Plaintiff avers that "[t]he *Rarick* court never explained how it concluded that the declaratory relief sought was not necessary to resolution of the non-declaratory claims[]" and that this court should "look beyond *Rarick* and examine how the standard the Third Circuit identified should be applied."[26]

13. The breach of contract claim is independent of the declaratory judgment claim—that is, were the declaratory claim to go away, the breach of contract claim would be properly before this court on the basis of diversity jurisdiction.[27]  Plaintiff argues that, because the declaratory claim and the legal claim concern the same subject matter, the legal claim cannot be independent of the declaratory claim.  The Third Circuit expressly considered—and rejected—this precise argument in the insurance litigation in *Rarick*.[28]  Moreover, in *DiAnoia's Eatery*, the Third Circuit

---

[25] D.I. 14 at 3.

[26] D.I. 18 at 1.

[27] *Rarick*, 852 F.3d at 228 (internal quotation marks omitted) (citing *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009) and *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001)) ("Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief."); *see also and Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167–68 (9th Cir. 1998) ("The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case.").

[28] *Rarick*, 852 F.3d at 229 ("Although Rarick and Easterday included declaratory claims in their complaints, they requested a legal remedy—damages—for breach of contract. Because both cases satisfied the requirements for diversity jurisdiction, Rarick and Easterday could have obtained their desired relief in federal courts without requesting a declaratory judgment.").

considered a contrary fact pattern in which the insured parties raised claims for declaratory relief but not for breach of contract.  Under that procedural posture, the Third Circuit reached the opposite conclusion and held that the district courts do not have a "virtually unflagging" obligation to exercise diversity jurisdiction when the plaintiffs do not seek legal relief.[29]

14. Having found that the complaint satisfies the independent legal claim test as articulated in *Rarick*, the court declines to address the *Reifer* factors.

15. Therefore, IT IS ORDERED that Plaintiff's motion to remand is DENIED.


Dated:  May 6, 2022                                              /s/ Mary Pat Thynge
                                                        Chief U.S. Magistrate Judge

---

[29] *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 204 (3d Cir. 2021) ("It is certainly plausible that [Appellants] brought declaratory judgment actions instead of breach of contract claims solely to avoid falling within a district court's 'virtually unflagging' obligation to exercise diversity jurisdiction.  But if so, what difference?").  In addition, in the *Vulcan Materials* case cited by Plaintiff, DI. 18 at 2, the Seventh Circuit clearly stated that "[e]ven if the legal issues involved in deciding the declaratory claim would be dispositive of all of the non-declaratory claims, that would not necessarily mean that the latter are not independent of the former[,]" *Vulcan Materials*, 569 F.3d at 717 n.9 (citing *R&D Latex Corp.*, 242 F.3d at 1113).