IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br><br>        Defendant. | No. 1:22-cv-00064-MPT |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 502(d), Plaintiff Ally Financial, Inc. and Defendant U.S. Specialty Insurance Company stipulate to the following Confidentiality Agreement and Protective Order:

**Definitions**

1. "Litigation" means the action captioned *Ally Financial, Inc. v. U.S. Specialty Insurance Company*, No. 1:22-cv-00064-MPT, in the United States District Court for the District of Delaware.

2. "Ally" means Ally Financial, Inc.

3. "U.S. Specialty" means U.S. Specialty Insurance Company.

4. "Parties" means, collectively Ally and U.S. Specialty. Ally and U.S. Specialty are each a "Party" for purposes of this Protective Order.

5. "Discovery Request" means the use by a Party of any method provided for in the Federal Rules of Civil Procedure for making a formal request for information from another Party or third-party in connection with the Litigation, and includes (a) any formal document request, (b) any formal interrogatory, (c) any formal request for admission, (d) any subpoena or subpoena ducus tecum, (e) any notice of deposition, and (f) any question asked during a deposition.

6. "Discovery Response" means all information (including documents and testimony) produced in response to any Discovery Request made in the Litigation, and includes Documents produced, objections asserted (including any associated privilege log), or answers or responses provided to any Discovery Request made in the Litigation.

7. "Document" or "Documents" includes all handwritten, typed, printed, or recorded matter (however produced or reproduced or stored); correspondence; letters; text messages; instant messages; e-mail; any other form of communication; drawings; blueprints; graphs; charts; photographs; videos; memoranda; facsimiles; records; summaries of personal conversations or interviews; books; statements; transcripts; court records or filings; logs; legal pleadings and papers; summaries or records of telephone conversations; diaries; journals; filings or reports submitted to any governmental entity; statistical statements; work papers; work orders; account records; bank records; bank statements; credit card statements or records; invoices; receipts; agendas; minutes or records of meetings or conferences; consultant reports; employment records; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; press releases; notes; lists; notices; surveys; advertising; voicemail messages; all other sound recordings, however produced or reproduced; files; tests; results; plans; protocols; standards; calendars; logs; manuals; contracts; evaluations; and all data compilations from which information can be obtained. This definition is intended to be and should be construed to be at least as broad as the description of "document" appearing in Fed. R. Civ. P. 34(a). "Document" and "Documents" include all non-identical drafts and copies of the same document and all information stored in electronic format including, for example, on or in online data storage, databases, networks, computer systems, servers, archives, backup systems, tapes, discs, drives, cartridges,

laptops, personal computers, Internet data, other removable electronic media, and personal digital assistants.

8.      "Privileged Information" means information, Discovery Responses, and Documents protected by the attorney-client privilege, the work-product doctrine or protection, or any other applicable privilege, protection, or immunity from discovery that otherwise would apply in this or any other action, arbitration, or court or agency proceeding.

9.      "Protected Material" means information, Discovery Responses, and Documents designated as "CONFIDENTIAL."

## Designation of Materials as "Confidential"

10.     Any Party may designate as "CONFIDENTIAL" any information, Discovery Response, Documents, or any portions thereof, that it, another party or a non-party discloses, produces, transcribes, or files in this Litigation, and that the designating Party believes in good faith contains confidential personal, trade secret, and/or commercial information, as those terms are defined under applicable law, not generally available in the public domain.  Such designation shall be made (1) if practicable, by typing or stamping on the face of such information, Discovery Responses, or Documents the word "CONFIDENTIAL – Subject to Protective Order," or (2) by otherwise designating information, Discovery Responses, or Documents as "CONFIDENTIAL" prior to the production of the information, Discovery Responses, or Documents in a manner that clearly advises that the information, Discovery Responses, or Documents are to be treated as "CONFIDENTIAL."  In the case of information or documents produced by a non-party, the designation may be made by requesting that the non-party's information or Documents be stamped

or identified in some other conspicuous and practicable fashion stating "CONFIDENTIAL – Subject to Protective Order."

11. Any designation, agreement, or treatment of documents or materials previously exchanged between or shared among the Parties or any of their representatives or agents regarding Ally's losses and claim for insurance coverage at issue in this Litigation, including but not limited to during claims handling, shall not be binding on the Parties and is superseded by this Order. Nothing shall prevent a Party from designating any such previously provided documents or material as "CONFIDENTIAL" under this Order.

12. Any Party may designate a deposition, or any part thereof, as "CONFIDENTIAL." Such designation shall be made either (1) at the taking of the deposition by a statement in the record by the designating Party, or (2) thereafter, by providing written notice of such designation within seven (7) days of the deposition.

13. In the event a Party does not designate as "CONFIDENTIAL" any information, Discovery Responses, Documents, or portions thereof at the time such information, Discovery Responses, Documents, or portion(s) thereof are disclosed, produced, or transcribed, such Party has not waived its right to later designate said information, Discovery Responses, Documents, or portions thereof as "CONFIDENTIAL," provided the Party notifies the other Parties in writing that such information, Discovery Responses, Documents, or portions thereof should have been designated as "CONFIDENTIAL" and undertakes to provide the other Parties with the information, Discovery Responses, Documents, or portions thereof that are being so designated marked in accordance with Paragraph 10.

14. Any Documents or information produced by, or testimony given at a deposition by, a non-party will be treated as confidential by all Parties for a period of seven (7) days following

the production of said Documents or information or following the deposition.  Thereafter, such Documents, information, and testimony shall not be considered confidential unless so designated by a Party or the Parties consent in writing to extend the 7-day period of presumptive confidentiality.

15. A Party does not waive its right to challenge a "CONFIDENTIAL" designation by electing not to challenge it immediately after the original designation is disclosed.

## **Challenging "CONFIDENTIAL" Designation**

16. Any challenge to a Party's "CONFIDENTIAL" designation must be preceded by a conference call directly between counsel for the challenging Party and counsel for the Party that made the designation (including at least one Delaware Counsel and at least one Lead Counsel per Party), during which counsel for the respective Parties shall attempt, in good faith, to resolve the designation issue(s).

17. If, after a good faith effort to resolve a "CONFIDENTIAL" designation issue, the challenging Party elects to proceed with a challenge to the designation, the challenging Party must, within twenty-one (21) days of the telephone conference with the designating Party, serve in accordance with the Scheduling Order a "Motion for Discovery" requesting a teleconference to resolve the challenge.  The Parties shall follow all procedures set forth in the Scheduling Order with respect to the "Motion for Discovery."  Until this Court rules on the motion, the Parties shall continue to treat the material as though it was properly designated.  With respect to any material that ceases to be protected under this Protective Order, the designating party shall, at its expense, provide to each Party that so requests copies of the previously protected material from which all confidentiality legends previously affixed have been removed.

18. "CONFIDENTIAL" information, Discovery Responses, or Documents shall not include those portions of the information, Discovery Responses, or Documents that are or become generally available to the public other than as a result of disclosure by a receiving Party.

19. This Protective Order is not intended to govern the use of "CONFIDENTIAL" information, Discovery Responses, Documents, or testimony at any trial in the Litigation. Issues relating to the use of "CONFIDENTIAL" information, Discovery Responses, Documents, and testimony at trial will be resolved prior to the commencement of any trial.

### Additional Restrictions

20. Any party who requests still further limits on disclosure (such as "attorneys' eyes only" treatment in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all affected Parties will convene a joint telephone call with the Court to obtain a ruling.

### Filing and Service of Documents

21. To the extent a Party seeks to file with the Court any document constituting, comprising, referencing, excerpting, or attaching any Protected Material, that Party shall first file a motion to file the Protected Material "under seal." If the Court grants that motion, all Protected Material contained, referred to, excerpted in, or attached to the document to be filed with the Court shall be filed under seal as well as in redacted form in accordance with the Court's procedures. The Party filing the document shall be responsible for complying with the provisions of this paragraph. If the Court does not grant leave to file the Protected Material under seal, the Parties shall promptly meet and confer in an effort to address how to best preserve the confidential status of the Protected Material. Under no circumstances shall a non-filing Party thwart the meet and

confer process to the detriment of the filing Party or use any delay in the meet and confer process or the Court's denial of the motion to file under seal to argue that the filing party did not timely file its substantive, procedural, or discovery motion or opposition thereto, or appropriately document the record in support of its motion. If the Parties cannot resolve how to preserve the confidential status of the designated information and/or Document during the meet and confer process, the filing Party shall submit the matter to the Court for resolution of the confidentiality issue and/or to permit consideration by the Court through *in camera* review of the Protected Material sought to be filed.

### **Confidentiality of Information Shared Among the Parties**

22. All Protected Material shall be used solely for the purposes of the Litigation, including any mediation, arbitration, or alternative dispute resolution process connected with the Litigation, and in accordance with paragraphs 23-24 herein. Except as authorized by: (a) the provisions of paragraphs 23-24 herein; (b) written permission of the Party that provided the designated Protected Material; or (c) order of this Court, no Protected Material may be used for any other purpose or outside the permitted scope of use according to its level of protection. However, this paragraph does not preclude use of any information or Documents possessed or obtained by any Party from other sources merely because the information or Document has been produced in this Litigation and has been marked "CONFIDENTIAL."

23. Subject to the terms, conditions, and restrictions on this Order, "CONFIDENTIAL" information, Discovery Responses, Documents, or testimony provided in the Litigation may be disclosed only to the following persons:

   a. The Parties and their respective counsel, including the members, partners, associates, and paralegal and clerical staff of the law firms of said counsel;

   b. Any officer(s), employee(s), agent(s), claim manager(s), claim consultant(s), auditor(s), or representative(s), parent(s) or affiliated company(ies) of the Parties;

    c. Reinsurers, retrocessionaires, insurers, indemnitors, and accountants of the Parties;

    d. This Court and any persons employed or appointed by this Court whose duties require access to any information in connection with the Litigation;

    e. Any governmental or regulatory body as required by law;

    f. Any mediator, arbitrator, or provider of alternative dispute resolution services retained by the Parties in connection with the Litigation;

    g. Any third-party who is identified on the Protected Material as a prior recipient of the Protected Material;

    h. Experts, consultants, and private investigators retained, specially employed, or informally consulted by counsel concerning the subject matter of the Litigation and their secretarial and clerical employees who are assigned to assist in the subject matter of the Litigation or for purposes of the retention, employment, or consultation pertaining to the Litigation;

    i. Court reporters and other persons involved in recording deposition testimony in the Litigation;

    j. Employees of copying services utilized with respect to the Litigation provided they return the materials and all copies thereof to the Party utilizing the service; and

    k. Employees of litigation support vendors utilized with respect to the Litigation.

24. Prior to any disclosure of Protected Material to any person referred to in subparagraphs 23(g) and 23(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that the person has read the Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and, upon request for good cause, produce it to counsel for any requesting Party either prior to such person being permitted to testify (at depositions or at trial) or at the conclusion of the case, except that non-testifying experts and other witnesses not called at trial or for deposition need not be disclosed.

25. Within sixty (60) days after the conclusion of the Litigation, including the exhaustion of all appeals, counsel for all Parties and third parties shall to the extent possible return

all Protected Material (other than exhibits at the official court of record) to the designating Party or shall use reasonable efforts to destroy the Protected Material. To the extent that a party or its counsel needs to retain Protected Material for legitimate, ordinary course of business reasons, it may do so, but the Protected Material shall remain subject to this Order. Counsel for any Party receiving Protected Material shall make written certification of compliance with this provision and shall deliver the same to counsel for each designating Party within one hundred twenty (120) days after the conclusion of the Litigation, including the exhaustion of all appeals. If a Party retains any Protected Material, it shall at the same time identify the Protected Material to the designating Party. Thereafter, if and when possible, it shall return or destroy such Protected Material and certify compliance. This paragraph does not apply to Protected Material possessed or obtained outside the Litigation.

### **Privileged Information and Inadvertent Production of Privileged Information**

26. If a Party discloses information in connection with the pending Litigation that the Party thereafter claims to be Privileged Information, the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection of any kind that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

27. Upon discovery of the inadvertent production of Privileged Information, the producing Party must promptly notify the receiving Party in writing that it has disclosed the Privileged Information without intending a waiver by the disclosure. The notification shall include as specific an explanation as possible why the Privileged Information is covered by the attorney-client privilege and/or any other applicable privilege and/or constitutes work-product. Upon such

notification, the receiving Party must—unless it contests the claim of attorney-client privilege or other privilege or protection in accordance with paragraph 28—promptly notify the producing Party that it will take reasonable efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has.

28. If the receiving Party contests the claim of attorney-client privilege or other privilege or protection, a conference call must be convened directly between counsel for the challenging Party and counsel for the Party that made the claim of privilege or protection (including at least one Delaware Counsel and at least one Lead Counsel per Party), during which counsel for the respective Parties shall attempt, in good faith, to resolve the claim issue(s).

29. If, after a good faith effort to resolve the privilege or protection claim issue, the challenging Party elects to proceed with a challenge to the claim, the challenging Party must, within twenty-one (21) days of the telephone conference with the designating Party, serve in accordance with Scheduling Order a "Motion for Discovery" requesting a teleconference to resolve the challenge. The Parties shall follow all procedures set forth in the Scheduling Order with respect to the "Motion for Discovery." The Parties shall request to file submissions relating to this Motion under seal. The submissions relating to this Motion cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Privileged Information. Pending resolution of the Motion, the receiving Party must not use the challenged information in any way or disclose it to any person other than those required to be served with a copy of the sealed Motion.

30. A receiving Party is under a good-faith obligation to notify the producing Party upon identification of a document which reasonably appears on its face or in light of facts known

to the receiving Party to be potentially privileged.  Such notification shall not waive the receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  Failure by the receiving Party to notify the producing Party under this subsection where the receiving Party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order. Subsequent to notification by the receiving Party, the producing Party shall provide notice to the receiving Party within a reasonable time of notification if the producing Party believes the document to be Privileged Information.

31. The Parties may stipulate to extend the time periods set forth in Paragraphs 27 and 28 without further approval of the Court.

32. The producing Party retains the burden—upon challenge pursuant to Paragraph 28—of establishing the privileged or protected nature of the Privileged Information.

33. Nothing in this Protective Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

34. The Parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged Information.  Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), but such production shall not constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.  This provision shall also not independently be grounds on which to order the production of otherwise Privileged Information.

**General Provisions**

35. Any summary, compilation, notes, electronic image, copy, or database containing Protected Material shall be subject to this Protective Order to the same extent as the Protected Material it contains or from which it derives.

36. Nothing in this Protective Order restricts a Party's use of its own information or Documents produced as or in a Discovery Response. Nor shall this Protective Order bar counsel from rendering advice to his or her client with respect to the Litigation and, in the course thereof, referring to, relying on, or disclosing to any entity any information or Documents produced as a Discovery Response, subject to the terms hereof.

37. This Protective Order may not be deemed a waiver by any Party of its rights to object to any Discovery Request on any of the grounds provided for by the Federal Rules of Civil Procedure or substantive law, including on grounds of confidentiality, or otherwise.

38. Any Party may apply for modification of this Protective Order upon reasonable notice to all other Parties and after counsel for the Party seeking modification has contacted counsel for all other Parties to attempt to resolve the issue through informal negotiation.

39. Absent a written agreement between or among all the Parties that have produced Protected Material in the Litigation or further order of this Court, this Protective Order shall survive the final disposition of the Litigation and will continue to be binding on all Parties.

40. In the event any individual or entity subject to the provisions of this Protective Order shall violate or threaten to violate any provision of this Protective Order, any aggrieved Party or non-party that produced or designated the Protected Material at issue may immediately apply to this Court to obtain injunctive relief against any person violating or threatening to violate any terms of this Protective Order and, in the event the aggrieved person shall do so, the respondent

person subject to the provisions of this Protective Order shall not assert as a defense the claim that the aggrieved person possesses an adequate remedy at law.

41. In the event any person or entity not authorized by this Protective Order to receive Protected Material seeks disclosure of Protected Material from a Party through lawful subpoena, demand by governmental authority, or other legal process, the Party receiving that subpoena, demand, or legal process shall immediately notify by (i) e-mail and (ii) overnight mail or hand delivery, pursuant to Paragraph 42 below, the Party that produced or designated the Protected Material as to which disclosure is sought.  Provided that notice is properly sent to a Party that produced or designated the Protected Material, pursuant to Paragraph 42, it will be that Party's responsibility to object to or contest the subpoena, demand, or legal process.  The Party receiving the subpoena shall not produce the Protected Material until the Party that produced or designated the Protected Material has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Party that produced or designated the protected material to obtain relief from the subpoena or order prior to the due date for compliance.  To give the Party that produced or designated the Protected Material an opportunity to obtain such relief, the Party from whom such Protected Material is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order, unless the Party that produced or designated the Protected Material waives compliance with this Protective Order prior to the due date.

42. Any communications in connection with or required by this Protective Order shall be made to counsel of record for the Party.

43. This Court retains jurisdiction over all Parties and their counsel in the Litigation for purposes of contempt proceedings or any other proceedings arising from any violation of this Protective Order.

44. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

SO STIPULATED AND AGREED.

Dated:  July 8, 2022

OF COUNSEL:

REED SMITH LLP
David M. Halbreich (admitted *pro hac vice*)
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071
Telephone: (213) 457-8000
Email:  dhalbreich@reedsmith.com

Courtney C.T. Horrigan (admitted *pro hac vice*)
Robert J. Tritschler (admitted *pro hac vice*)
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone: (412) 288-3131
Email:  chorrigan@reedsmith.com
Email:  rtritschler@reedswmith.com

Miranda A. Jannuzzi (admitted *pro hac vice*)
Three Logan Square
1717 Arch Street, Ste. 3100
Philadelphia, PA  19103
Telephone: (215) 851-8100
Email:  mjannuzzi@reedsmith.com

Respectfully submitted,

REED SMITH LLP

*/s/ Brian M. Rostocki*
Brian M. Rostocki (No. 4599)
Anne M. Steadman (No. 6221)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 778-7500
Email:  brostrocki@reedsmith.com
Email:  asteadman@reedsmith.com

*Counsel for Plaintiff Ally Financial, Inc.*

- 15 -

OF COUNSEL:

Joseph A. Bailey III (admitted *pro hac vice*)
Raymond D. Pinkham (admitted *pro hac vice*)
CLYDE & CO US LLP
1775 Pennsylvania Ave. NW
4th Floor
Washington, DC 20006
Telephone: (202) 747-5117
Email: Joseph.Bailey@clydeco.us
Email: Ray.Pinkham@clydeco.us

Dated: __July 18__, 2022

PHILLIPS, MCLAUGHLIN & HALL, P.A.

*/s/ David A. Bilson*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200

*Counsel for Defendant U.S. Specialty Insurance Company*

SO ORDERED:

/s/ Mary Pat Thynge
**MARY PAT THYNGE**
UNITED STATES CHIEF MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | No. 1:22-cv-00064-MPT |

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Protected Material that have been designated as "CONFIDENTIAL." I agree that I will not disclose such Protected Material to anyone other than for purposes of this Litigation and that at the conclusion of this Litigation I will delete all Protected Material or return it to the Party or counsel from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Delaware for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____  _____