## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLY FINANCIAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00064-MPT |
| | ) | |
| U.S. SPECIALTY INSURANCE | ) | |
| COMPANY, | ) | **TRIAL BY JURY OF TWELVE** |
| | ) | **DEMANDED** |
| Defendant. | ) | |
| | ) | |

### DEFENDANT U.S. SPECIALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant U.S. Specialty Insurance Company ("U.S. Specialty"), by and through its undersigned counsel, hereby answers the Amended Complaint (D.I. 25) filed by Plaintiff Ally Financial, Inc. ("Ally" or "Plaintiff"), and states as follows: U.S. Specialty denies each and every allegation in the Amended Complaint except those specifically admitted below and demands strict proof thereof with respect to all such allegations.

### Answers to Numbered Paragraphs of Amended Complaint

### NATURE OF ACTION

1.      Paragraph 1 sets forth legal conclusions and characterizations of Plaintiff's lawsuit to which no response is required.  To the extent a response is

.

required, U.S. Specialty denies that U.S. Specialty breached its insurance contract with Ally and further denies that Ally is entitled to any damages or declaratory relief.

2.     Paragraph 2 sets forth legal conclusions and characterizations of Plaintiff's lawsuit to which no response is required.  To the extent a response is required, U.S. Specialty admits that it issued Excess Indemnity Policy No. 24-MGU-16-A39492 (the "U.S. Specialty Policy") to Ally, and that Ally sought coverage under that policy for a settlement into which Ally entered without seeking or obtaining U.S. Specialty's prior written consent.  That settlement resolved consumer class action litigation styled *Ally Financial Inc. v. Alberta Haskins and David Duncan*, Case No. 16JE-AC01713-01 in the Circuit Court of Jefferson County, Missouri, coverage for which U.S. Specialty concluded was barred under the U.S. Specialty Policy.  U.S. Specialty denies any remaining allegations in Paragraph 2.

3.     To the extent Paragraph 3 seeks to characterize the Class Action Settlement Agreement and Release, that document speaks for itself and U.S. Specialty denies all allegations inconsistent with that document.  U.S. Specialty lacks knowledge or information sufficient to form a belief as to the defense costs allegedly incurred by Ally and therefore denies those allegations.  U.S. Specialty denies any remaining allegations in Paragraph 3.

4.     Paragraph 4 sets forth legal conclusions and characterizations of Plaintiff's lawsuit to which no response is required.  To the extent a response is

required, U.S. Specialty denies that coverage has been triggered under the U.S. Specialty Policy and that U.S. Specialty has breached any obligations. U.S. Specialty denies the remainder of the allegations contained in Paragraph 4.

5.     Paragraph 5 sets forth legal conclusions and characterizations of Plaintiff's lawsuit to which no response is required. To the extent a response is required, U.S. Specialty denies that Ally is entitled to the declaration referenced in Paragraph 5.

6.     Paragraph 6 sets forth legal conclusions and characterizations of Plaintiff's lawsuit to which no response is required. To the extent a response is required, U.S. Specialty denies that Ally is entitled to any damages, costs and fees and further denies that U.S. Specialty breached its insurance contract with Ally.

## PARTIES

7.     On information and belief, U.S. Specialty admits the allegations in Paragraph 7.

8.     U.S. Specialty admits that it is an insurance company organized under the laws of Texas, that its principal place of business is in Texas, and that it has written insurance policies covering risks for Delaware citizens. U.S. Specialty denies the remainder of the allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9.      Paragraph 9 sets forth legal conclusions to which no response is required.  To the extent a response is required, U.S. Specialty admits that there is complete diversity among the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Paragraph 10 sets forth legal conclusions to which no response is required.

11.     Paragraph 11 sets forth legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### The Underlying Class Action

12.     U.S. Specialty admits that Alberta Haskins and David Duncan brought counterclaims against Ally in the Class Action, but denies that the counterclaims were first brought in March 2017.  On information and belief, U.S. Specialty admits that the Second Amended Answer and Counterclaim (referred to in the Amended Complaint as the "Counterclaim") is the last-pled version of the Counterclaim, and that Exhibit A is a true and correct copy of that pleading, without the exhibits thereto. The Counterclaim speaks for itself and U.S. Specialty denies all allegations that are inconsistent with that document.

4

13.     U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and, on that basis, denies them.

14.     On information and belief, U.S. Specialty admits that Exhibit B is a true and correct copy of the Settlement Agreement that was filed in the Class Action. U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding the timing of the finalization of the Settlement Agreement, and, on that basis, denies them.  To the extent the allegations in Paragraph 14 seek to characterize the Settlement Agreement, that document speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

15.     Paragraph 15 seeks to characterize a Missouri state court order, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

16.     On information and belief, U.S. Specialty admits that Exhibit C is a true and correct copy of the Amended Final Approval Order.  The remainder of Paragraph 16 seeks to characterize the Amended Final Approval Order, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

17.     Paragraph 17 seeks to characterize and/or partially quote the Settlement Agreement, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

18.     Paragraph 18 seeks to characterize and/or partially quote the Settlement Agreement, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

19.     Paragraph 19 seeks to characterize and/or partially quote the Settlement Agreement, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

20.     On information and belief, U.S. Specialty admits that Exhibit D is a true and correct copy of the Order on Disputed Statutes of Limitation.  The remainder of Paragraph 20 seeks to characterize and/or partially quote the Order on Disputed Statutes of Limitation, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

21.     U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and on that basis denies the allegations.

22.     To the extent the allegations in Paragraph 22 seek to characterize the Settlement Agreement, that document speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

23.     Paragraph 23 seeks to characterize and/or quote the Amended Final Approval Order, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

24.     Paragraph 24 seeks to characterize and/or quote the Amended Final Approval Order, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

25.     U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and on that basis denies the allegations.

26.     U.S. Specialty admits that it concluded that the Class Action and Class Action Settlement are not covered under the U.S. Specialty Policy, and that U.S. Specialty thus has not paid any of the amounts that Ally incurred in connection with the Class Action.  U.S. Specialty denies the remaining allegations in Paragraph 26.

## Ally's Insurance Coverage for the Class Action

27.     U.S. Specialty admits the allegations in Paragraph 27.

28.     Paragraph 28 seeks to characterize the terms and conditions of the U.S. Specialty Policy, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with the U.S. Specialty Policy.

29.     Paragraph 29 seeks to characterize and/or partially quote the terms and conditions of the U.S. Specialty Policy, which is a document that speaks for itself.

U.S. Specialty denies all allegations that are inconsistent with the U.S. Specialty Policy.

30.     U.S. Specialty admits the allegations in Paragraph 30.

31.     Paragraph 31 seeks to characterize the terms and conditions of the U.S. Specialty Policy, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with the U.S. Specialty Policy. On information and belief, U.S. Specialty admits that Exhibit F is a true and correct copy of the Federal Primary Policy.

32.     Paragraph 32 seeks to characterize and/or partially quote the terms and conditions of the U.S. Specialty Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with the U.S. Specialty Policy.

33.     Paragraph 33 seeks to characterize the terms and conditions of the U.S. Specialty Policy, which is a document that speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with the U.S. Specialty Policy.

34.     Paragraph 34 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

35.     Paragraph 35 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

36.     Paragraph 36 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

37.     U.S. Specialty admits the allegations in Paragraph 37.

38.     Paragraph 38 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

39.     Paragraph 39 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

40.     Paragraph 40 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

41.     Paragraph 41 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

42.     Paragraph 42 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

43.     Paragraph 43 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

44.     Paragraph 44 seek to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

45.     Paragraph 45 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

46.     Paragraph 46 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

47.     Paragraph 47 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

48.     Paragraph 48 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

49.     Paragraph 49 seeks to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which is a document that speaks for itself. U.S. Specialty denies all allegations that are inconsistent with that document.

### The U.S. Specialty Policy Covers Ally's Loss in the Class Action

50.     Paragraph 50 asserts a legal conclusion to which no response is required.

51.     U.S. Specialty admits that it has never challenged whether the civil proceeding styled *Ally Financial Inc. v. Alberta Haskins and David Duncan*, Case No. 16E-AC01713-01, as commenced in relevant part by the counterclaims filed by Haskins and Duncan, meets the definition of "BPL Claim" under the Federal Primary Policy.  U.S. Specialty denies the remaining allegations in Paragraph 51.

52.     U.S. Specialty denies the allegations in Paragraph 52.

53.     U.S. Specialty admits that it received a confidential settlement document from Ally, which speaks for itself, and that Ally dismissed its claims against Illinois National Insurance Company with prejudice.  U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and footnote 2 thereto, and, on that basis, denies them.

54.     Paragraph 54 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and, on that basis, denies them.

55.     Paragraph 55 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations.

56.     Paragraph 56 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations.

57.     Paragraph 57 asserts a legal conclusion and argumentation to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations and arguments in the first and last sentences of Paragraph 57.  The remaining allegations of Paragraph 57 seek to characterize and/or partially quote the terms and conditions of the Federal Primary Policy, which speaks for itself.  U.S. Specialty denies all allegations that are inconsistent with that document.

58.     Paragraph 58 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations.

59.     Paragraph 59 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations.

60.     U.S. Specialty denies the allegations contained in Paragraph 60.

### U.S. Specialty's Refusal to Pay For Ally's Covered Loss

61.     U.S. Specialty denies the allegations contained in Paragraph 61.

62.     U.S. Specialty denies the allegations contained in Paragraph 62.

63.     U.S. Specialty denies the allegations contained in Paragraph 63.

64.     U.S. Specialty admits that Ally provided notice of the settlement in principle of the Class Action on or about January 5, 2021, during a conference call with Ally's Deputy General Counsel for Litigation.  U.S. Specialty denies any remaining allegations contained in Paragraph 64.

65.     U.S. Specialty admits that it provided Ally with a coverage letter on February 23, 2021.  To the extent that Paragraph 65 seeks to characterize U.S. Specialty's letter, the letter speaks for itself and U.S. Specialty denies all allegations inconsistent with that document.

66.     U.S. Specialty admits that it first addressed coverage for the settlement of the Class Action in its February 23, 2021 letter.  U.S. Specialty denies any implication or suggestion that this response was not timely.

67.     U.S. Specialty admits that it provided a supplemental coverage letter on October 25, 2021.  To the extent that Paragraph 67 seeks to characterize U.S. Specialty's letter, the letter speaks for itself and U.S. Specialty denies all allegations inconsistent with that document.

68.     U.S. Specialty denies the allegations contained in Paragraph 68, and specifically denies that (a) Ally provided timely and proper notice of the "Claim"

and/or when the Claim constituted or became a "Mass or Class Action" as defined by the Federal Primary Policy, pursuant to Sections 8.a, 8.b, and 8.d.(2) of the Federal Primary Policy as amended by endorsement and as followed by the U.S. Specialty Policy, and pursuant to Section VIII.A. of the U.S. Specialty Policy; and (b) Ally complied with its duty to seek and obtain U.S. Specialty's prior written consent to settle or offer to settle any Claim, pursuant to Sections 9.c and d. of the Federal Primary Policy as amended by endorsement and as followed by the U.S. Specialty Policy, and pursuant to Section V. of the U.S. Specialty Policy.

## COUNT I
### (Declaratory Relief)

69.     U.S. Specialty incorporates by reference its responses to Paragraphs 1 to 68 above as though fully set forth herein.

70.     Paragraph 70 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations contained in Paragraph 70.

71.     Paragraph 71 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations contained in Paragraph 71.

72.    Paragraph 72 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations contained in Paragraph 72.

73.    Paragraph 73 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations contained in Paragraph 73.

74.    U.S. Specialty denies the allegations contained in Paragraph 74.

## COUNT II
### (Breach of Contract)

75.    U.S. Specialty incorporates by reference its responses to Paragraphs 1 to 74 above as though fully set forth herein.

76.    U.S. Specialty admits that the U.S. Specialty Policy is a valid and enforceable insurance contract, for which Ally paid the negotiated premium, but denies that the policy provides coverage for the amounts at issue in this lawsuit, and denies any remaining allegations in Paragraph 76.

77.    U.S. Specialty denies the allegations contained in Paragraph 77.

78.    U.S. Specialty denies the allegations contained in Paragraph 78.

79.    Paragraph 79 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations contained in Paragraph 79, and specifically denies that (a) Ally provided timely and

proper notice of the "Claim" and/or when the Claim constituted or became a "Mass or Class Action" as defined by the Federal Primary Policy, pursuant to Sections 8.a, 8.b, and 8.d.(2) of the Federal Primary Policy as amended by endorsement and as followed by the U.S. Specialty Policy, and pursuant to Section VIII.A. of the U.S. Specialty Policy; and (b) Ally complied with its duty to seek and obtain U.S. Specialty's prior written consent to settle or offer to settle any Claim, pursuant to Sections 9.c and d. of the Federal Primary Policy as amended by endorsement and as followed by the U.S. Specialty Policy, and pursuant to Section V. of the U.S. Specialty Policy.

80.     Paragraph 80 asserts a legal conclusion to which no response is required.  To the extent a response is required, U.S. Specialty denies the allegations.

81.     U.S. Specialty admits that it has declined to pay any of the amounts at issue in this lawsuit, and denies the remaining allegations in Paragraph 81.

82.     U.S. Specialty denies the allegations contained in Paragraph 82.

83.     U.S. Specialty denies the allegations contained in Paragraph 83.

## "PRAYER FOR RELIEF"

U.S. Specialty denies that Ally is entitled to any of the relief requested in its "Prayer for Relief," and denies any remaining allegations in the Amended Complaint to the extent not specifically admitted above.

## **AFFIRMATIVE DEFENSES**

U.S. Specialty asserts the following defenses and reserves the right to assert other defenses or claims if and when they become appropriate and/or available in this action.  The inclusion of a defense herein does not change the burden of proof or burden of persuasion on any issue in this action and does not waive U.S. Specialty's right to put Ally to its proof.

### **First Defense**

The Amended Complaint fails to state a claim against U.S. Specialty upon which relief may be granted.

### **Second Defense**

Plaintiff's claims are barred by the Prior Acts Exclusion in Endorsement No. 2 of the Federal Primary Policy, to which the U.S. Specialty Policy follows form.

### **Third Defense**

Plaintiff's claims are barred because Plaintiff entered into the Settlement Agreement and incurred Defense Costs without U.S. Specialty's prior written consent, in violation of Section 9 of the Federal Primary Policy, as amended by Endorsement No. 28 and as followed by the U.S. Specialty Policy, and Section V. of the U.S. Specialty Policy.  Further, while U.S. Specialty denies that proof of prejudice is necessary, Plaintiff's breach of these Sections prejudiced U.S. Specialty.

**Fourth Defense**

Plaintiff's claims are barred because Plaintiff failed to provide timely and proper notice to U.S. Specialty of the Class Action once it became a "Mass or Class Action" as defined by the Federal Policy, pursuant to Sections 8.b. and 8.d. of the Federal Primary Policy, as amended by Endorsement No. 28 and as followed by the U.S. Specialty Policy, and Section VIII. of the U.S. Specialty Policy. Further, while U.S. Specialty denies that proof of prejudice is necessary, Plaintiff's breach of these Sections prejudiced U.S. Specialty.

**Fifth Defense**

Plaintiff's claims are barred to the extent the "Claim" for which Plaintiff seeks coverage was not first made during the Policy Period of the Federal Primary Policy and the U.S. Specialty Policy, including without limitation pursuant to the definition of "BPL Claim" in the Federal Primary Policy as followed by the U.S. Specialty Policy.

**Sixth Defense**

Plaintiff's claims are barred to the extent to which the amounts for which Plaintiff seeks coverage are not "Loss" as defined by the Federal Primary Policy, to which the U.S. Specialty Policy follows form, including without limitation to the extent such amounts fall within carve-backs d., e., k., and/or l. to the Loss definition.

**Seventh Defense**

Plaintiff's claims are barred to the extent that Section 3.g. of the Federal Primary Policy, to which the U.S. Specialty Policy follows form, bars coverage for the amounts at issue.

**Eighth Defense**

Plaintiff's claims are barred to the extent that Section 3.k. of the Federal Primary Policy, to which the U.S. Specialty Policy follows form, bars coverage for the amounts at issue.

**Ninth Defense**

Plaintiff's claims are barred to the extent that Section 3.p. of the Federal Primary Policy, to which the U.S. Specialty Policy follows form, bars coverage for the amounts at issue.

**Tenth Defense**

Plaintiff's claims are barred to the extent that the Underlying Insurance to the U.S. Specialty Policy has not been exhausted by actual payment of claims or losses thereunder by the applicable insurer, pursuant to Sections I and IV of the U.S. Specialty Policy.

**Eleventh Defense**

Plaintiff's claims are barred to the extent the settlement into which Plaintiff entered and/or any legal fees and expenses incurred by Plaintiff are unreasonable.

19

## Twelfth Defense

To the extent that any portion of the coverage sought by Plaintiff were available (it is not), an appropriate allocation between covered Loss and uncovered loss would be necessary pursuant to Section 10 of the Federal Primary Policy, to which the U.S. Specialty Policy follows form.

## Thirteenth Defense

Plaintiff's claims are barred to the extent Plaintiff breached or failed to comply with any of the terms or conditions of the Federal Primary Policy, to which the U.S. Specialty Policy follows form, and/or the U.S. Specialty Policy.

## Fourteenth Defense

Plaintiff's claims are or may be barred in whole or in part by the doctrines of unclean hands, laches, waiver, or estoppel.

## Fifteenth Defense

Insurance coverage is not available under the U.S. Specialty Policy in this matter to the extent that such coverage is inconsistent with any of the terms, conditions, exclusions, limitations or endorsements of the U.S. Specialty Policy or the Federal Policy, to which the U.S. Specialty Policy follows form.

## Sixteenth Defense

U.S. Specialty reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable law and rules.

WHEREFORE, having fully answered, U.S. Specialty requests that Plaintiff's Amended Complaint be dismissed with prejudice, and that U.S. Specialty be awarded its costs and attorneys' fees, if allowed, and such other and further relief as the Court may deem appropriate.

July 22, 2022                                   PHILLIPS MCLAUGHLIN & HALL, P.A.

                                               */s/ John C. Phillips, Jr.*
                                               John C. Phillips, Jr.  (#110)
                                               David A. Bilson (#4986)
                                               1200 N. Broom Street
                                               Wilmington, DE  19806
                                               (302) 655-4200
                                               jcp@pmhdelaw.com
                                               dab@pmhdelaw.com

                                               CLYDE & CO US LLP

                                               Joseph A. Bailey III (*pro hac vice*)
                                               Raymond D. Pinkham (*pro hac vice*)
                                               1775 Pennsylvania Ave. NW
                                               4th Floor
                                               Washington, DC 20006
                                               (202) 747-5117
                                               Joseph.Bailey@clydeco.us
                                               Ray.Pinkham@clydeco.us

                                               *Counsel for Defendant*
                                               *U.S. Specialty Insurance Company*