**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ALLY FINANCIAL, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE<br>COMPANY,<br><br>       Defendant. | No. 1:22-cv-00064-MPT |

## [PROPOSED] SCHEDULING ORDER

This _3d_ day of _August_, 2022, ~~the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.1 on~~ **August 15, 2022**, ~~and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion shall contain the statement required by Local Rule 7.1.1.

2. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days of the commencement of "Phase 2," as set forth in Section 5(b) below. By the same date, the parties shall submit a proposed Stipulation Governing Discovery of Electronically Stored Information, which shall supersede the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").

3.      Courtesy Copies. The parties shall provide the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be single-sided.

4.      Papers Filed Under Seal. In accordance with section G of the Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means, available at https://www.ded.uscourts.gov/manualsprocedures, a redacted version of any sealed document shall be filed electronically within seven (7) days after the filing of the original sealed document. Courtesy paper copies of sealed documents (see ¶ 5, above) shall be filed with the Clerk's Office, however, courtesy copies of redacted versions of sealed documents shall not be filed, unless otherwise ordered.

5.      Phased Discovery and Briefing

Having met and conferred pursuant to Rule 26(f), the parties agree that the principal basis on which Defendant U.S. Specialty Insurance Company ("U.S. Specialty") denied coverage for the underlying lawsuit for which Plaintiff Ally Financial, Inc. ("Ally") seeks insurance coverage (the "Haskins/Duncan Action"), a "prior acts" exclusion in the primary insurance policy at issue (U.S. Specialty Affirmative Defense No. 2), is capable of resolution, based on materials that are properly encompassed or incorporated in the pleadings or are otherwise subject to judicial notice, including the filings in the Haskins/Duncan Action. Accordingly, the parties propose the following phased plan in order to more efficiently reach and resolve the legal issues in this matter.

(a)      Phase 1. By **September 30, 2022**, Ally shall file a motion for judgment on the pleadings on the applicability of the prior acts exclusion, not to exceed

2

25 pages (excluding tables and exhibits). By **October 31, 2022**, U.S. Specialty shall file a consolidated opposition to U.S. Specialty's motion and cross-motion for partial judgment on the pleadings on the applicability of the prior acts exclusion, not to exceed 35 pages (excluding tables and exhibits).[1] By **November 21, 2022**, Ally shall file a consolidated reply in support of its motion and opposition to U.S. Specialty's motion, not to exceed 20 pages (excluding tables and exhibits). By **December 12, 2022**, U.S. Specialty shall file a reply in support of its motion, not to exceed 10 pages (excluding tables and exhibits). Except as provided otherwise in this paragraph with respect to timing and page limits, briefing will be presented pursuant to the Court's Local Rules.[2] Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument.[3]

      (b)    Phase 2. To the extent the Court's Order on the parties' Phase 1 cross motions does not result in a final judgment fully resolving this litigation, Phase 2 shall begin on the date of the issuance of the Court's Order. The parties will meet and confer to negotiate a proposed schedule for and any limitations to Phase 2 discovery, and will submit to the Court a proposed scheduling order addressing these issues within 30 days of the commencement of Phase 2.

---

[1]    Counsel for U.S. Specialty currently has another case set for trial in October, pending the results of cross-summary judgment motions filed in that case. The parties agree that if that case moves forward to trial, then appropriate adjustments to this briefing schedule will be necessary. In that event, the parties will confer and submit for the Court's approval reasonable modifications to the briefing schedule.

[2]    See D. Del. L.R. 7.1.3 ("Form and Contents of Briefs, Memoranda of Points and Authorities, and Appendices").

[3]    For example, a reference to an exhibit that refers to the entire document will not be considered.

(c)     Discovery Matters and Disputes Relating to Protective Orders.

Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, after holding a verbal meet-and-confer and making a reasonable effort to reach agreement with the opposing party on the matters or dispute,[4] the party seeking relief from the Court shall file a Motion for Discovery requesting a teleconference to resolve the discovery or protective order dispute. The Motion shall include the following information:

- A list of no more than three (3) discovery or protective order matters for resolution;

- The date(s) of the verbal meet-and-confer between the parties;

- The format of the meet-and-confer (*e.g.*, in person or by telephone);

- The identity of counsel (including at least one Delaware Counsel and at least one Lead Counsel per party) who participated in the meet-and-confer; and

- At least three dates on which the parties are jointly available for a teleconference

The Court will thereafter order a discovery teleconference, and the following procedures shall apply:

    i.     Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and Court holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, double-spaced in no less than 12 point font, outlining the issues in dispute and its position on those issues, including proposed solutions.

    ii.    Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and Court holidays, any party opposing the application for relief may file a letter, not to exceed four (4)

---

[4]     *See* D. Del. L.R. 7.1.1 (describing the averment of counsel to be filed with nondispositive motions).

4

pages, double-spaced in no less than 12 point font, outlining that party's reason for its opposition and any proposed solutions.

iii.    Counsel shall provide a list of the teleconference participants, by including the list on a separate page with the letters. This list will not count as part of the page limitation for the letter submission.

iv.    Attachments/Exhibits. Generally, there should be limited attachments or exhibits to the letters. In a protective order dispute, only the provisions at issue should be attached. For disputes relating to responses to certain discovery requests, only the requests and responses in dispute as they exist at the time of the letter submissions should be attached. **Documentation of the parties' attempts to resolve and/or narrow the issues as contained in letters or emails shall not be included.** However, cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

v.    To the extent factual issues are disputed or central to the Court's analysis,[5] *non-conclusory,* sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

vi.    Protective Order disputes. For disputes related to the protective order, the submissions shall include the party's proposal of the content for the disputed portion(s) only of the protective order.

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

6.    ADR Process. Not Applicable, as Case is assigned to a Magistrate Judge for all proceedings.

---

[5]    For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General,* C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *Willemijn Houdstermaatschaapij v. Apollo Computers, Inc.,* 707 F. Supp. 1429 (D. Del. 1989).

7.      Court Reporter. The parties shall arrange for a court reporter for all hearings and proceedings including, but not limited to, scheduling conferences, status conferences, discovery and protective order disputes, hearings, pretrial conference, and trial.

8.      Proposed Deadlines. Pursuant to the above paragraphs, the following deadlines shall apply to this case going forward.

| Event | Deadline |
|---|---|
| Ally Phase 1 Motion for Judgment on Pleadings | September 30, 2022 |
| U.S. Specialty Phase 1 Consolidated Opposition to Ally Motion / Cross-Motion for Partial Judgment on the Pleadings | October 31, 2022 |
| Ally Phase 1 Consolidated Reply / Opposition Brief | November 21, 2022 |
| U.S. Specialty Phase 1 Reply Brief | December 12, 2022 |
| Beginning of Phase 2 | Date on which Court issues decision on parties' Phase 1 cross-motions |
| Submission of Proposed Scheduling Order for Phase 2 | 30 days after commencement of Phase 2 |
| Exchange of Rule 26(a)(1) Disclosures | 30 days after commencement of Phase 2 |
| Submission of Stipulation Governing Discovery of Electronically Stored Information | 30 days after commencement of Phase 2 |

Dated: _August 3_, 2022

SO ORDERED:

_____
**MARY PAT THYNGE**
UNITED STATES CHIEF MAGISTRATE JUDGE

6