#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | No. 1:22-cv-00064-JLH |

#### STIPULATION GOVERNING DISCOVERY OF
#### ELECTRONICALLY STORED INFORMATION

To facilitate discovery in this action, Plaintiff Ally Financial, Inc. ("Ally") and Defendant U.S. Specialty Insurance Company ("US Specialty"), through their counsel, have stipulated and agreed to give effect to this Stipulation Governing Discovery of Electronically Stored Information ("ESI Protocol") as set forth below.[1]

#### PURPOSE

1.　　Subject to the approval of the Court, this ESI Protocol will govern discovery of electronically stored information ("ESI") (including scanned hard-copy documents) in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

#### COOPERATION

2.　　The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent regarding ESI.

#### PRESERVATION

3.　　The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI (e.g., email, spreadsheets, databases, etc.) will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper

---

[1] This ESI Protocol shall supersede this District's Default Standard for Discovery, Including Discovery of Electronically Stored Information.

ESI is preserved, the parties have agreed to meet and confer after initial discovery, by no later than August 31, 2023, to reasonably narrow the range of ESI they believe should be preserved, including by identifying custodians for whom ESI preservation is requested. The parties agree there is no need for forensic images of servers, databases, computers, cell phones, etc.

## SEARCH AND IDENTIFICATION

4. The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is likely not subject to discovery. The parties are permitted to use reasonable search methods to narrow down the ESI to be reviewed for production, in discovery (e.g., search terms, technology assisted review, deduplication, client self-collection efforts, etc.); however, the parties must be prepared to discuss the reasonableness of such efforts.

## PRODUCTION FORMATS

5. Subject to confirming feasibility, the parties agree to the following:

a. ESI will be produced as single-page, Group IV TIFF images at 300 dpi and/or JPEG images; extracted text files; and native files for Excel spreadsheets and similar documents, produced with placeholders.

b. **Images:** Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format. Production File and folder names cannot contain embedded spaces or special characters (including the comma). All image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image.

c. **Image Cross-Reference File**: Image cross-reference files shall be provided. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. The image cross-

reference file (.LOG or .OPT) should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format:

ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount

    d.    **Data File**: The data file (.DAT) should contain all of the fielded information that will be loaded into the database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following delimiters:

Comma ¶ ASCII Character (020)
Quote þ ASCII character (254)

Date fields should be provided in the format: mm/dd/yyyy. If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. A Text Path Field must be included to provide the file path and name of the extracted text file. The text file must be named after the Control Number. Do not include the text in the .DAT file. For productions with native files, a Native File field must be included to provide the file path and name of the native file. The native file must be named after the Control Number.

    e.    **Text:** Text must be produced as separate document-level text files, not as fields within the .DAT file. The text files must be named per the Control Number. The full path of the Text file must be provided in the .DAT file for the text path field. Text files may be in either ANSI or Unicode format, however, ALL text files must be in the same format within the same production. Note that productions containing text with foreign characters must produce text files in Unicode format to preserve the foreign characters. Text files must be in a separate folder, and the number of text files per folder should not exceed 2,000 files. There should be no special

characters (including commas) in the folder names. For redacted documents, provide OCR text for the redacted version.

      f.      **Linked Native Files:** Native files should be provided for all natives that cannot be imaged in addition to Excel and Database files. Native file documents must be named per the Control Number. The full path of the native file must be provided in the .DAT file for the Native File field.

      g.      The parties may employ, at their own election, industry-standard deduplication procedures globally across non-email ESI at the document level and globally across e-mail at the family level to avoid the production of documents and/or email families that are complete duplicates of others already produced, included as email attachments, or selected for production. Duplicate documents or email eliminated from production pursuant to these processes will include an "All Custodian" metadata field listing each custodian who possessed the duplicate document or email. A party may also elect to "thread" emails to eliminate duplicative non-inclusive content so that only unique and final-in-time email content is produced. However hard-copy documents shall not be eliminated as duplicates of responsive ESI.

      h.      Electronic data productions may be shipped on CDs, DVDs, or hard drives, or through a secure File Transfer Protocol ("FTP"). The physical media label should contain the case name and number, confidentiality designation, production date, and BATES range being produced. To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing party. In such cases, the producing party shall transmit the encryption key or password to the requesting party, under separate cover, contemporaneously with sending the encrypted media. The encryption program used for production media should be one that is readily available and would not create delays accessing the encrypted data. In the event that

a party utilizes an FTP for the production of documents, the information identified in this section to be provided with physical media shall be provided in a written production letter providing instructions for accessing documents through the FTP.

6. If any formatting requirements or other specifications agreed to in this ESI Protocol are later determined by the producing party to be not feasible, or unduly burdensome or unreasonably costly, the parties will promptly meet and confer in order to attempt to agree upon appropriate modifications to this protocol before presenting any such issue to the Court.

7. Digital documents will be produced with extracted metadata fields (where available), as agreed and set forth in the Metadata Table contained below:

| Field Name | Description |
|---|---|
| Production::Begin Bates | Starting Bates # |
| Production::End Bates | Ending Bates # |
| Production::Begin Attachment | Starting bates # of document family |
| Production::End Attachment | Ending bates # of document family |
| File Author | Author of original file |
| File Name | Name of original file including extension |
| File Date/Time Created | Date file was created |
| File Date/Time Modified | Date file was last modified |
| File Extension | Extension of original file |
| File Type | Type of original file |
| MD5 Hash | MD5 or SHA-1 Hash Value of document |
| Time Zone Field | Time Zone used to process data |
| Sort (Master) Date/Time | The Master Date is the same as the 'Sent Date' for emails and will propagate to all attachments of the email; or is the same as the 'Date Last Modified" for loose/Native files. |
| Custodian | Name of person/entity/company file the document was collected from |
| Deduped Custodian | Names of people/entities/company file the document was collected from even if removed from production as a duplicate |
| Message From | Sender of message |
| Message To | Recipients of message |
| Message CC | Copied recipients |
| Message BCC | Blind copied recipients |
| Message Subject | Subject of message |
| Message Date/Time Sent | Date message sent |
| Message Date/Time Received | Date message received |

### PHASING

8. When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to discuss whether it is appropriate to use a phased or iterative approach to the production of responsive ESI. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

### ESI PROTECTED FROM DISCOVERY OR PUBLIC DISCLOSURE

9. Pursuant to Fed. R. Evid. 502(b) and (d), the production of ESI which is privileged or is protected trial preparation material is not a waiver of privilege or protection from discovery in this case or in any other federal, state, arbitration or other proceeding.

10. The inadvertent production of privileged or protected documents or information shall be governed by the Stipulation and Protective Order.

### MODIFICATION

11. This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

Dated: April 24, 2023

| | |
|---|---|
| OF COUNSEL: | REED SMITH LLP |
| | */s/ Brian M. Rostocki* |
| | Brian M. Rostocki (No. 4599) |
| REED SMITH LLP | Alexandria P. Murphy (No. 6686) |
| David M. Halbreich (admitted *pro hac vice*) | 1201 Market Street, Suite 1500 |
| 355 South Grand Avenue | Wilmington, DE 19801 |
| Suite 2900 | Telephone: (302) 778-7500 |
| Los Angeles, CA 90071 | Email: brostrocki@reedsmith.com |
| Telephone: (213) 457-8000 | Email: amurphy@reedsmith.com |
| Email: dhalbreich@reedsmith.com | |
| | *Counsel for Plaintiff Ally Financial, Inc.* |
| Courtney C.T. Horrigan (admitted *pro hac vice*) | |
| Douglas Baker (admitted *pro hac vice*) | |
| Robert J. Tritschler (admitted *pro hac vice*) | |
| 225 Fifth Avenue | |

Pittsburgh, PA  15222
Telephone: (412) 288-3131
Email: chorrigan@reedsmith.com
Email: douglas.baker@reedsmith.com
Email: rtritschler@reedswmith.com

Miranda A. Jannuzzi (admitted *pro hac vice*)
Three Logan Square
1717 Arch Street, Ste. 3100
Philadelphia, PA  19103
Telephone: (215) 851-8100
Email: mjannuzzi@reedsmith.com

OF COUNSEL:

Joseph A. Bailey III (admitted *pro hac vice*)
Raymond D. Pinkham (admitted *pro hac vice*)
CLYDE & CO US LLP
1775 Pennsylvania Ave. NW
4th Floor
Washington, DC 20006
Telephone: (202) 747-5117
Email: Joseph.Bailey@clydeco.us
Email: Ray.Pinkham@clydeco.us

/s/  David A. Bilson
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
200 North Broom Street
Wilmington, DE 19806
Telephone:  (302) 655-4200
Email:  jcp@pmhlaw.com
Email:  dab@pmhlaw.com

*Counsel for Defendant U.S. Specialty Insurance Company*

**IT IS SO ORDERED**.

DATED: _____

By: _____

United States Magistrate Judge