IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLY FINANCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | No. 1:22-cv-00064-JLH |

**PLAINTIFF'S NOTICE OF DOCUMENT RETENTION DEPOSITION OF U.S. SPECIALTY INSURANCE COMPANY PURSUANT TO RULE 30(B)(6) OF THE <u>FEDERAL RULES OF CIVIL PROCEDURE</u>**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Ally Financial Inc. ("Ally"), by and through its undersigned counsel, will take the deposition by oral examination under oath of **U.S. Specialty Insurance Company** ("U.S. Specialty") before a notary public or other person duly authorized by law to administer oaths.

In accordance with Rule 30(b)(6), U.S. Specialty shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the topics set forth in the attached **Exhibit A**. The person(s) so designated shall testify as to matters known or reasonably available to U.S. Specialty.

The deposition shall take place at the offices of Reed Smith LLP, located at 1201 Market Street, Suite 1500, Wilmington, DE 19801. The deposition will commence at **10:00 a.m. ET on August 23, 2023**, or at another date and time mutually agreeable to the parties. The deposition will be recorded by a court reporter and will continue until completed. The deposition is to be taken for

the purposes of discovery, examination, cross-examination, perpetuation of testimony, and any and all purposes allowed by law.

Dated: August 2, 2023                                                        REED SMITH LLP


/s/ Brian M. Rostocki
Brian M. Rostocki (No. 4599)
Anne M. Steadman (No. 6221)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Email: brostrocki@reedsmith.com
Email: asteadman@reedsmith.com

*Counsel for Plaintiff Ally Financial, Inc.*

OF COUNSEL:

REED SMITH LLP
David M. Halbreich (admitted *pro hac vice*)
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071
Telephone: (213) 457-8000
Email: dhalbreich@reedsmith.com

Courtney C.T. Horrigan (admitted *pro hac vice*)
Douglas Baker (admitted *pro hac vice*)
Robert J. Tritschler (admitted *pro hac vice*)
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone: (412) 288-3131
Email: chorrigan@reedsmith.com
Email: douglas.baker@reedsmith.com
Email: rtritschler@reedsmith.com

Miranda A. Jannuzzi (admitted *pro hac vice*)
Three Logan Square
1717 Arch Street, Ste. 3100
Philadelphia, PA  19103
Telephone: (215) 851-8100
Email: mjannuzzi@reedsmith.com

# **EXHIBIT A**

## **Topics for Examination**

1. The Document Retention practices and procedures of U.S. Specialty specifically and as applicable to Ally's Claim at issue in this action, including:

    a. U.S. Specialty's Document retention, preservation, and destruction practices, policies, schedules, and procedures, including, but not limited to, any litigation hold Concerning this action.

    b. All Persons who sought, gathered, searched for, collected, possessed, or obtained—or were involved or participated in any way in seeking, gathering, searching for, collecting, or obtaining—Documents or information identified in or sought by Ally's discovery requests or produced by U.S. Specialty in this action.

    c. Any search terms or criteria employed, used, or applied by or on behalf of U.S. Specialty for purposes of collecting, harvesting, searching for, reviewing, gathering, or producing e-mail or other electronic Documents, data, or information in this action.

    d. The manner(s) and location(s) in which U.S. Specialty retains, maintains, organizes, houses, stores, or structures its electronic and hard-copy Documents, including, but not limited to, its Documents Concerning underwriting; Documents Concerning claims-handling; Documents Concerning financial services industry policyholders, and Documents Concerning Ally.

  e. All Documents in U.S. Specialty's possession, custody, or control Concerning Ally, including, but not limited to, the Documents' custodian(s) and location(s).

  f. All Documents in U.S. Specialty's possession, custody, or control Concerning the U.S. Specialty Policy and the Federal Primary Policy, including, but not limited to, the Documents' custodian(s) and location(s).

  g. All Documents in U.S. Specialty's possession, custody, or control Concerning the Class Action, including, but not limited to, the Documents' custodian(s) and location(s) and the date on which U.S. Specialty first became aware of the Class Action.

  h. All Documents that U.S. Specialty reviewed, considered, or relied upon in its consideration of Ally's request for coverage for the Class Action, and U.S. Specialty's response thereto, including, but not limited to, the Documents' custodian(s) and location(s).

### Definitions Applicable to the Topics for Examination

1. The terms "You," "Your," and "U.S. Specialty" shall mean Defendant U.S. Specialty Insurance Company; any of U.S. Specialty Insurance Company's successors or predecessors; any of U.S. Specialty Insurance Company's current and former parents, subsidiaries, affiliates, divisions, managers, officers, and employees, as applicable, including without limitation Tokio Marine HCC and its subsidiaries; and U.S. Specialty Insurance Company's agents, representatives, attorneys, or other Persons associated with or acting (or purporting to act) for or on behalf of U.S. Specialty Insurance Company.

2. The term "U.S. Specialty Policy" shall mean Policy Number 24-MGU-16-A39492 issued by U.S. Specialty to Ally for the policy period December 15, 2016 to December 15, 2017, attached as Exhibit E to Ally's Amended Complaint in this action.

3. The term "Federal Primary Policy" shall mean Policy Number 8207-7768 issued by Federal Insurance Company to Ally for the policy period December 15, 2016 to December 15, 2017, attached as Exhibit F to Ally's Amended Complaint in this action.

4. The term "Ally" shall mean the Plaintiff in this action, Ally Financial, Inc.

5. The term "Amended Complaint" shall mean Ally's Amended Complaint filed on July 1, 2022 in this action (D.I. 25).

6. The term "Class Action" shall mean the consumer class action counterclaim against Ally brought in March 2017 by Alberta Haskins and David Duncan in the case styled *Ally Financial Inc. v. Alberta Haskins and David Duncan*, Case No. 16JE-AC01713-01 in the Circuit Court of Jefferson County, Missouri.

7. The term "Ally's Claim" shall refer to Ally's claim upon U.S. Specialty for coverage under the U.S. Specialty Policy in connection with Ally's defense and settlement of the Class Action.

8. The term "Document" shall mean all materials discoverable under the Federal Rule(s) of Civil Procedure, which are within Your possession, custody, or control or that of any agent, representative (including, without limitation, attorneys), or other Person acting or purporting to act for or on Your behalf or in concert with You, including, but not limited to, the following: all written, typewritten, printed, or recorded matter (including drafts and copies, and however produced or reproduced or stored); any form of data compilation from which information can be obtained, accessed, or retrieved, including, but not limited to, all electronic data (including all

electronic mail and information about electronic mail, including message contents, header information, and logs of electronic mail system usage, whether sent internally or externally to or from U.S. Specialty), voice mails, on-line data storage on mainframes, cloud storage, minicomputers, personal computers, laptops, off-line data storage, backups, archives; floppy disks, zip drives, zip files, tapes, compact disks or diskettes, Palm or other hand-held devices or personal digital assistants, apps, disconnected hard drives and other removable electronic media, application programs and utilities, phones, databases, and spreadsheets; drawings; graphs; charts; photographs of every kind and description; video tapes; correspondence; letters; text messages; instant messages; memoranda; facsimiles; records; summaries (including, but not limited to, of personal conversations or interviews); wires; telegrams; reports; books; transcripts; legal pleadings and papers; records of telephone conversations (including telephone and mobile telephone billing records); diaries; journals; forecasts; statistical statements; work papers; accounts; account records; bank statements; receipts; automated teller machine receipts or printouts; credit card statements or records; agendas; minutes or records of meetings or conferences; consultants' reports; employment records; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; notes; lists; notices; agreements; protocols; manuals; policies; standards; guidelines; files; calendars; contracts; advertising; and all sound reproductions, however produced or reproduced.

   9.  The term "Person" shall mean, without limitation, whether employed by You or not, any natural person, firm, sole proprietorship, partnership, corporation, limited liability company, limited liability partnership, joint venture, association, trust, financial institution, governmental body or agency, and all past and present officers, directors, employees, partners,

members, and agents, along with all other persons acting or purporting to act on such person's behalf.

      10.    The term "Concerning" shall mean, without limitation, relating to, referring to, describing, mentioning, pertaining to, referring to, alluding to, and embodying.

      11.    The Definitions contained herein apply without regard to capitalization of defined words.